HERMAN P. HEVENOR, Doing Business under the Name of ENGEL & HEVENOR, Respondent, *v.* UNION RAILWAY COMPANY OF NEW YORK CITY, Appellant.

First Department, March 2, 1923.

**Contracts — action to recover balance due on street railway reconstruction contract — reconstruction was for purpose of putting tracks in condition to lay pavement — giving of bond by contractor was waived — question for jury whether contractor had fulfilled contract as to work and materials.**

In an action to recover the balance due on a contract for the reconstruction of street railway tracks, it must be held, as a matter of law, that the railway company waived the giving of a bond by the contractor, where it appears that the contract did not recite the giving of a bond as a condition precedent but provided that the " contractor herewith delivers " a bond, and where it further appears that although the company refused to waive the requirement, it did direct the contractor to proceed with the work and accepted the benefits of the work performed under the contract.

The provision in the contract that the work contemplated is " such reconstruction of the existing tracks as the Engineer considers necessary to put them in proper condition for the new pavement to be laid by the City," referred to the nature and kind of the work rather than to the quality thereof and did not require the engineer to satisfy himself that the work had been properly completed before the pavement was laid.

And, in view of the further provision in the contract that no inspection or acceptance of any part of the work or of the materials used would prevent the railway company from objecting to the character of the work or the materials used, it was a question of fact for the jury whether the contractor had performed the work as required by a provision in the contract that it should be performed in the best manner and with materials of the best quality.

APPEAL by the defendant, Union Railway Company of New York City, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of Bronx on the 10th day of April, 1922, upon the verdict of a jury rendered by direction of the court.

*Alfred T. Davison* [*Addison B. Scoville* of counsel; *Alex. R. Jones* with him on the brief], for the appellant.

*Edward M. Grout & Paul Grout* [*Edward M. Grout* of counsel], for the respondent.

McAvoy, J.:

The learned court at Trial Term directed a verdict. The defendant contends that the complaint should have been dismissed, because there is no proof that the giving of a bond by the plaintiff, as required by the contract herein, had been waived by the defendant, and it is claimed the plaintiff has failed to establish that the engineer arbitrarily and unreasonably refused to issue a final certificate.

The action was upon a contract for a balance due of $13,798 for the reconstruction of street railroad tracks belonging to the defendant on Westchester avenue in The Bronx. There was $36,249 paid on account of work done under the contract, and at its completion the engineer refused to issue the final certificate for the work, and the defendant has refused to make the final payment thereon.

The provision regulating the giving of a bond reads (§ 31 of the contract): " The contractor herewith delivers to the Railway Company a bond of a Surety Company satisfactory to the Railway Company to indemnify and save harmless the Railway Company against and from all suits and actions of every nature and description arising out of any claims by patentees of any process connected with the work or any material used upon the work, as well as for the full performance and completion of each and every of the provisions of this agreement, which bond is in the sum of $10,000.00."

This bond was not given. The contractor claims it was waived. Prior to beginning work the contractor asked, in writing, that this provision be waived; but the defendant replied that it would not waive the bond, and requested plaintiff to furnish the bond or a certified check in the same sum. Neither was furnished by the plaintiff. Five days after defendant's engineer had refused, in writing, to waive the bond, the track reconstruction was started. This was twelve days after the engineer had notified the plaintiff to proceed with the work.

Plaintiff's claim of waiver is based on the wording of the contract requiring the bond. It is not recited in the language of a condition

precedent, but contains the statement: "The contractor herewith delivers * * * a bond of a Surety Company satisfactory to the Railway Company, * * * which bond is in the sum of $10,000.00." It is in the form rather of an acknowledgment of the receipt of a bond; and while the railway company might have disclaimed liability on the contract on a showing that it did not receive the bond prior to any work thereunder, it could not, it seems to us, go forward with the work, accept its benefits, and after completion, assert that it had not received the bond, which its conduct indicated it never intended to receive. We think the court was correct in holding that it waived this requirement as a matter of law. A waiver is proved as a matter of law by the undisputed acts or language of the party against whom the waiver is asserted, so inconsistent with its purpose to stand upon its rights as to leave no opportunity for a reasonable inference to the contrary. (*Alsens American Portland Cement Works* v. *Degnon Contracting Co.*, 222 N. Y. 34.) There is no dispute in this case as to the railway company's acts, or as to its language contained in the letter of June fourth; and the acts and language of the company are so inconsistent with a purpose to insist upon the giving of the $10,000 bond as a condition precedent to the validity of the contract and the right of the contractor to proceed with the work thereunder, as to leave no opportunity for a reasonable inference to the contrary. Thus we think the waiver is established as a matter of law. As to the other point that the contractor failed to perform the work according to the specifications of the contract, the contractor's duty thereunder was described in item 1 and item 5 of the specifications and in paragraph 4 of the contract. The general description of the work in the specification and the work contemplated under this agreement is " such reconstruction of the existing tracks as the Engineer considers necessary to put them in proper condition for the new pavement to be laid by the City, in place of the present pavement, all in the manner and under the conditions more particularly specified below."

The contract goes on to provide that the engineer has the complete right to give directions to the plaintiff as to how the work was to be done, and no moneys can be had by the contractor unless the work shall have been duly certified by the engineer, and he has been fully convinced that all the requirements of the contract have been complied with to his satisfaction. The engineer admits that prior to the laying of the pavement by the contractor who had charge of that work for the city, he gave no further instructions with respect to reconstruction of the existing tracks, so as to put them in proper condition for the new pavement; but

First Department, March, 1923.          [Vol. 204

after the pavement was laid in the tracks, it began to sag, and the engineer asserts that the sagging is due to the failure of the plaintiff to properly tamp the earth which was laid underneath the pavement by this contractor. The court at trial interpreted the contract as requiring the engineer to satisfy himself that all the work had been properly completed before the paving was laid; and that his failure to discover in proper time the condition which caused the sagging, could not be attributed to the plaintiff; and that the words, " such reconstruction of the existing tracks as the Engineer considers necessary to put them in proper condition," limited the duties of the plaintiff to such work as they were directed to do, regardless of whether they did improper or insufficient tamping. We think this was error, and that a question for the jury was presented to determine whether the contractor had complied with the following provisions of the contract.

Paragraph 4 of the contract provides: " All of the work shall be performed in the best manner, all materials used shall be of the best quality, and a sufficient number of persons shall be at all times employed to execute the work with due dispatch, all to the satisfaction of the Engineer. * * * No inspection, approval or acceptance of any part of the work or of the materials used, or any payment on account thereof, shall prevent the Railway Company from objecting to the character of the work or the materials used at any time thereafter during the life of this agreement."

This not only required the contractor to perform the work in the best manner, but also exempted an inspection, or approval or acceptance of any part of the work from being used to prevent an objection to the character of the work thereafter during the life of the agreement. This interpretation of item 1 of the specifications by the learned trial justice too narrowly restricted the duties of the contractor, when considered in connection with all the other items of the specifications and the provisions of the contract, especially specification 5, which reads: " After the track is properly surfaced it shall be brought true to line and then thoroughly tamped."

The whole contract and all the specifications read together show that the phrase upon which the trial court relied related rather to the nature or kind of the work to be performed than to the quality thereof.

The judgment should be reversed and a new trial ordered, with costs to appellant to abide the event.

CLARKE, P. J., DOWLING, SMITH and PAGE, JJ., concur.

Judgment reversed and new trial ordered, with costs to appellant to abide the event.