DEALERS' LUMBER CORPORATION, Respondent, *v.* ABBIE B. WRIGHT and Another, Appellants, Impleaded with JOHN MARTINI and Others, Defendants.

Fourth Department, March 25, 1925.

Liens — mechanic's lien — action to foreclose lien filed by materialmen — contract called for payment of $3,500 when roof was on house — owner paid contractor $2,000 in cash and $373.45 under agreement to pay contractor's laborers while contractor was sick — last payment was made on contract — contractor abandoned contract on April 17, 1923 — lien attaches to balance then due under payment required to be made when roof was on — lien does not attach to balance of stipulated amount of entire contract — liens attach in order of filing, except laborers' lien takes precedence.

In an action to foreclose a mechanic's lien filed by a materialman in which it appears that the owner of a house agreed to pay the contractor $3,500 when the roof was on the house, and that at that time the owner had paid the contractor $2,000 in cash and $373.45 under an agreement to pay the contractor's laborers while the contractor was sick, and that the contractor abandoned the contract on April 17, 1923, at about the time the roof was on the house, the lien of the materialman and liens for labor attached to the balance then due under the payment required to be made when the roof was on, which amount was represented by the difference between the amount due when the roof was on and the amount paid in cash by the owner to the contractor, plus the amount that the owner paid the contractor's laborers.

The liens did not attach to the entire amount stipulated in the contract, since

the contractor abandoned the contract and did not have any claim on any further amount.

The liens attached and should be paid in the order of filing, with the exception that the lien for laborers' services takes precedence over that for material.

APPEAL by the defendants, Abbie B. Wright and another, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of Erie on the 24th day of March, 1924, upon the decision of the court rendered after a trial before the court without a jury at the Erie Equity Trial Term.

*Maloney & Maloney* [*John V. Maloney* of counsel], for the appellants Abbie B. Wright and another.

*Root & Orton* [*Charles S. Orton* of counsel], for the respondent.

*Coatsworth & Diebold,* for the defendant Amherst Stone Company, Inc.

*Wanamacher, Martina & Harrington,* for the defendant Gaetano Greco.

CLARK, J.:

This action was brought to foreclose a mechanic's lien. On the 29th day of November, 1922, defendant John Martini entered into a written contract with defendant Harry S. Wright to build for him a house in Buffalo, N. Y., on a lot which Wright had purchased under a land contract, but title to which was after filing of plaintiff's lien acquired by Abbie B. Wright, wife of defendant Harry S. Wright.

The contract provided that the house was to be constructed for $8,200, and was to be completed by April 1, 1923. The owner was to pay therefor as follows: $1,500 when the contract was executed, and $2,000 by a temporary mortgage on the property when the house was inclosed, the proceeds of the mortgage to be paid to the contractor, and the balance of the contract price was to be paid by moneys to be raised on a second mortgage to be given by the owner to an amount equal to the full amount of the contract.

The contractor entered on the work of building the house, and proceeded with it to a point where it was inclosed and the roof substantially in place, as found by the learned trial court.

Lumber and materials were purchased by the contractor of this plaintiff to the amount of $974.31, which lumber was used in the construction of the house, and was to be paid for within ninety days after the first delivery, which was January 31, 1923. Nothing was ever paid and on the 13th day of April, 1923, plaintiff filed in the Erie county clerk's office a lien against the premises, duly verified, and proper notice thereof was given to the owner.

The defendant Gaetano Greco filed a lien against said premises

April 18, 1923, in the sum of $157.75 for mason work performed by him on said house in pursuance of a contract made with the contractor, and said bill has not been paid.

Defendant Amherst Stone Company, Inc., filed a lien against said premises May 4, 1923, in the sum of $222.48 for stone and building materials furnished to the contractor and used in said building, no part of which claim has been paid.

The owner never gave the temporary mortgage provided for in the contract, although requested so to do by the contractor, but he and the latter modified the contract by an oral agreement, and substituted a cash payment to be made by the owner when the roof was on the house, in addition to the $1,500 cash which was to be paid at the time of the making of the contract.

This modification of the contract made between the contractor and the owner was without the knowledge or consent of plaintiff, although before it had contracted to furnish lumber for the house the terms of the contract had been communicated to plaintiff, and it had sold and delivered the lumber on the faith of the contract, as found by the trial court.

During the progress of the work certain extra work was performed by the contractor at the request of the owner, or his wife, of the value of $70, which with the original contract price would make the cost of the house $8,270.

The owner did not pay the $1,500 down payment according to the terms of the contract, but later did make such payment in two installments, and when the roof was on the house, according to the agreement between the owner and contractor as modified, there became due to the contractor the further sum of $2,000 beside the $70 for extra work, which would make a total of $3,570 due the contractor when the roof was on, including the initial payment. Of this second payment of $2,000 the owner paid $500 at one time, and at the request of the contractor when he was ill, the owner paid the laborers $373.45 to complete the roof, under an agreement with the contractor that he (the owner) would make such payment and charge it to the contractor.

If all payments had been made as the owner agreed when the roof was on the building he would have paid $3,570 including the extra work, but he had paid up to that time only $2,373.45, as follows: The initial payment, $1,500; paid March 10, 1923, $500; paid to the men to complete roof at contractor's request, $373.45; making the total payments at the time the roof was completed, $2,373.45.

That would leave a balance due the contractor at the time the roof was on of $1,196.55.

Although there was a dispute as to when the roof was on the house, I think the evidence justifies the trial court's sixth finding of fact.

There was no dispute that the contractor was taken sick the latter part of March, 1923, and at that time the main rafters were in place, the roof partially on and the shingles on the premises ready to be used and the house was inclosed and sheathed, and sub-floors laid. Then the contractor being ill, asked the owner to pay the men and " take it out of " him, which he did.

Wright did pay the men to complete the roof, but it was agreed to before the owner had assumed to take over the job, April 17, 1923, so in paying the men for completing the roof he was paying them, not for himself, but for and on account of the contractor, and when the roof was on, the contractor was entitled under the agreement to the second payment of $2,000, and for the extra work, and he did not receive it, but only part of it, as above stated, and there was still due him $1,196.55 when the roof was on.

So when plaintiff's lien was filed, April 13, 1923, there was then due the contractor $1,196.55 and plaintiff's lien would attach to that fund. (*Van Clief* v. *Van Vechten*, 130 N. Y. 571; *American Radiator Co.* v. *City of New York*, 223 id. 193.)

The contractor abandoned the work but not until April 17, 1923. He had been ill and the work had undoubtedly been delayed, but the owner did not consider that the contractor had abandoned the job up to April 14, 1923, for on that day, by letter, he notified the contractor to proceed with the work, and if he failed to do so by April 17, 1923, he would cancel the contract and complete the job himself.

The contractor did nothing further except to pay the men, through Mr. Wright, for finishing the roof. I think under the evidence that the contractor did not abandon the work until April 17, 1923, the last day of grace allowed him by the owner.

It matters little just when the payments were made to the men for completing the roof, for they were made in pursuance of an arrangement made between the contractor and the owner before the contract was abandoned and canceled, and the roof having been completed under that arrangement made before there was an abandonment (for the arrangement for Wright to pay the men to complete the roof on the contractor's account was made the latter part of March, 1923) the balance of $2,000 payment became due the contractor when the roof was completed.

Of the second payment which the owner agreed to make ($2,000), after allowing the payments he had made in cash, and for what he paid at the contractor's request to complete the roof, there still

remained unpaid and due the contractor $1,196.55 at the time the roof was on, and the liens filed would attach to that fund, but in my opinion they would not attach to the cost of completing the building after the abandonment and cancellation of the contract, for the rights of the lienors are measured by the rights of the contractor, and he having failed to perform and having abandoned the contract April 17, 1923, and earned nothing further thereon, had no further rights or interest in the matter. (Lien Law, § 4, as amd. by Laws of 1916, chap. 507; *Hollister* v. *Mott*, 132 N. Y. 18; *Kalt Lumber Co.* v. *Sterner*, 121 Misc. 505.)

After April 17, 1923, the contractor did absolutely nothing with reference to this transaction; he threw up his hands, and although there was no provision in the contract that the owner should complete it in case of default, the fact is that after the contractor had been notified to proceed with the work or the contract would be canceled on a certain date, he did nothing, made no effort to complete the contract, and did not earn a dollar under it after the roof was on.

The judgment should be modified by providing that the premises described in the complaint, or so much thereof as may be sufficient to raise the amount due on the contract when the roof of said house was completed, to wit, $1,196.55, with interest from April 17, 1923, and which may be sold separately without material injury to the parties interested, be sold as directed in and by said judgment, and that out of the moneys so realized, after deducting the amount of the referee's fees and expenses, and any taxes, assessments or water rates that may be liens on the property, there be paid to the lienors out of the moneys remaining in the fund to the extent that it will suffice in the following order:

*First.* To the defendant Gaetano Greco, or his attorneys, the sum of $157.75, with interest from April 18, 1923, with $50 costs as allowed in the judgment, this being a claim for labor performed.

*Second.* To the plaintiff, or its attorneys, the sum of $974.31, with interest from April 13, 1923, and $112.15 costs and disbursements as allowed by the judgment, or so much thereof as any balance of the sum will pay.

*Third.* To the defendant Amherst Stone Company, Inc., or its attorneys, the amount of its lien, $222.48, with interest thereon from May 4, 1923, with $50 costs as allowed in the judgment, or so much thereof, if any, as the balance of the sum received from the sale of the said property will pay the same.

Findings of fact Nos. 6, 7 and 12, and conclusion of law No. 2, as requested by defendant Wright and found by the court dis-

28

approved and reversed, and new findings should be made in accordance with the opinion, and the other provisions of the judgment should be made to conform to such modification, and as so modified the judgment should be affirmed, without costs of this appeal to any party.

Hubbs, P. J., Davis, Crouch and Taylor, JJ., concur.

Judgment modified in accordance with the opinion and as so modified affirmed, without costs of this appeal to either party. Findings disapproved and new findings made in accordance with the opinion.