THE ANGLO-SOUTH AMERICAN TRUST COMPANY, Plaintiff, *v.* GEORGE
UHE and Another, Defendants.*

Supreme Court, New York County, April 30, 1931.

*Gleason, McLanahan, Merritt & Ingraham* [*Charles F. Bailey* of
counsel], for the plaintiff.

*Carl E. Peterson*, for defendant George Uhe.

*Davies, Auerbach & Cornell* [*Carl E. Peterson* of counsel], for
the defendant Second National Bank of Hempstead.

SHIENTAG, J. The defendant Uhe applied to the plaintiff for
a commercial letter of credit not exceeding $8,000 in his favor,
payable at Managua, Nicaragua. The application provided, among
other things: (1) That upon acceptance by the plaintiff of sixty-
day drafts under the letter of credit, the defendant would on or
before the due date of the drafts pay to the plaintiff the full amount
thereof; (2) that in the event of the failure of the defendant to

* Affd. 236 App. Div. 667, which was revd. 261 N. Y. 150.

deliver the amount represented by the drafts, plaintiff could sell the goods covered by the documents and apply the proceeds against the amount drawn under the letter of credit. On April 20, 1926, plaintiff accepted the first draft for $3,909.50 dated at Managua, March 23, 1926, and the second, on April 26, 1926, for $3,284.10, dated at the same place April 8, 1926. The defendant refused to take delivery of the documents and make payment of the sums called for by the drafts. Plaintiff thereupon sold the merchandise and realized the sum of $3,891.20. It now seeks to recover the difference between the face amount of the drafts and the sum realized upon the sale of the merchandise. These facts are conceded.

The defendant urges, however, that he was justified in rejecting the first draft on the ground that the documents accompanying it were defective in four respects: (1) That there was no " on board " bill of lading; (2) no consular invoices or substitute guarantees; (3) no inspection certificates; (4) the weight notes were insufficient. Similar objections are advanced by defendant with respect to the documents accompanying the second draft.

It becomes unnecessary to discuss each of these objections in detail. As to the first set of documents, the court finds as a matter of fact that the defendant rejected them solely on the ground that they did not contain an inspection certificate. It must be concluded, therefore, as a matter of law that all other objections were abandoned or waived. (*Littlejohn* v. *Shaw*, 159 N. Y. 188; *Strasbourger* v. *Leerburger*, 233 id. 55; *Bank of America* v. *Whitney, etc., Bank*, 291 Fed. 929, 937.) In any event plaintiff complied with the terms of the application for the letter of credit.

The delay in securing the inspection certificate did not justify the defendant in repudiating the documents. The first set of documents was delivered to the defendant Uhe on April 20, 1926, but was not returned until May 1, 1926. Plaintiff immediately cabled to Managua inquiring as to the whereabouts of the inspection certificate. On April 24, 1926, one Borgzinner, who had executed, as Uhe's agent, the various shipping documents attached to the drafts and presented in Managua, cabled to the defendant Uhe as follows: " Shipments inspected by me, certificate in the hands of Commercial Bank of Spanish America, Ltd., weight certificate and invoices quite in order. Can't understand your attitude." Plaintiff's correspondent bank in Managua also cabled in like terms. Furthermore, the goods were in New York on April 20, 1926, and could have been examined if defendant desired to avail himself of the opportunity. Thus the requirements of the letter of credit were sufficiently satisfied.

Moreover, plaintiff was not required to deliver the documents

to Uhe on April 20, 1926. Under the terms of the letter of credit it was provided that " the company *may hold all documents* under the credit until payment or the equivalent of the draft or drafts or the deposit of such security or guarantee as may be satisfactory to the company." The draft which was accepted by the plaintiff did not become due until June 21, 1926. The inspection certificates were in New York on May 18, 1926. The plaintiff was, therefore, not in default under the application for credit when there was no time prior to June 21, 1926, set for the release of the goods or documents.

In so far as the second set of documents is concerned, the defendant's position is without merit because he waived all irregularities by his letter of April 20, 1926. This letter, in part, is as follows: " we hereby undertake to sign your usual Trust Receipt with the clause *no variation from the terms of Letter of Credit No. 4/133 shall limit, abridge or release my liability to the Trust Company hereunder* stamped thereon and to indemnify and hold you harmless against any loss, cost, damage and expense caused or brought about by reason of your having furnished such letter and indemnity and to pay you any such loss, cost, damage and expenses on demand. Please deliver the letter and indemnity to our custom house brokers, A. J. Bracher & Co. issuing them in their name." (Italics mine.) (*Alsens A. P. C. Works* v. *Degnon Cont. Co.,* 222 N. Y. 34; *Lord Constr. Co.* v. *Edison, etc., Co.,* 234 id. 411; *Hevenor* v. *Union R. R.,* 204 App. Div. 535; *Champion Spark Plug Co.* v. *Automobile Sundries,* 273 Fed. 74, 79.) This waiver cannot be recalled or expunged. (*Alsens A. P. C. Works* v. *Degnon Cont. Co., supra.*)

Judgment is, therefore, directed for the plaintiff in the sum of $3,787.71, with interest and costs. Settle order on notice.