■ SEHLBERT MECHANICAL CORP., Respondent, v KESSEL/DUFF CONSTRUCTION CORP. et al., Appellants, et al., Defendant.—In an action to foreclose a mechanic's lien, defendants Kessel/Duff Construction Corp. (Kessel/Duff) and Travelers Indemnity Insurance Company (Travelers) appeal from a judgment of the Supreme Court, Suffolk County, entered January 22, 1980, which, after a nonjury trial, awarded plaintiff the principal sum of $38,254. Judgment reversed, on the law and the facts, without costs or disbursements, and, as between plaintiff and defendants Kessel/Duff and Travelers, action severed and new trial granted limited to the issue of damages only. On July 8, 1977 plaintiff and defendant Kessel/Duff entered into a written contract, wherein plaintiff agreed to install the heating and air conditioning system in a building under construction, for the total contract price of $61,450. Pursuant to the contract, plaintiff was required to post a performance bond, but failed to do so. Nevertheless, Kessel/Duff urged plaintiff to perform. On October 25, 1977 Kessel/Duff terminated the contract because plaintiff had failed to post a performance bond. Thereafter, Kessel/Duff entered into agreements with plaintiff's subcontractors and suppliers and paid them directly for the work performed. Consequently, plaintiff only paid its subcontractors a total of $3,000. However, on October 28, 1977, plaintiff prepared and later filed a mechanic's lien for $38,254, claiming $11,180 for labor performed, $16,774 for material furnished and $10,300 for material manufactured and not delivered. Kessel/Duff discharged the lien by posting an undertaking for $35,000. Plaintiff commenced the instant action to recover $38,254, plus interest. In its amended answer, Kessel/Duff claimed that it had paid plaintiff's subcontractors and suppliers directly, and counterclaimed for breach of contract, asserting that it had expended $45,000 in addition to the contract price of $61,450. After a trial without a jury, the trial court held that Kessel/Duff waived the requirement that plaintiff post a performance bond. Since Kessel/Duff was aware that plaintiff had not posted a bond, but still urged plaintiff to commence performance, Kessel/Duff was equitably estopped from refusing to pay plaintiff for the work performed and materials manufactured (see *Rose v Spa Realty Assoc.*, 42 NY2d 338, 343-344; *Hevenor v Union Ry. Co. of N. Y. City*, 204 App Div 535). However, equity will not countenance the award of a windfall to the plaintiff. Consequently, the plaintiff's lien should be discharged or reduced to the extent that plaintiff's obligations to its subcontractors for the work and materials set forth in the mechanic's lien were satisfied by Kessel/Duff (see *Dealers' Lbr. Corp. v Wright*, 212 App Div 429). Mollen, P. J., Cohalan, O'Connor and Weinstein, JJ., concur.