■ PIKE COMPANY, INC., Appellant, v CUSTOMWELD INDUSTRIES, INC., et al., Respondents. (Action No. 1.) CUSTOMWELD INDUSTRIES, INC., et al., Respondents, v PIKE COMPANY, INC., Appellant, et al., Defendant. (Action No. 2.) [980 NYS2d 533]—

In an action to recover damages for breach of contract (action No. 1), and a related action, inter alia, to recover damages for breach of contract (action No. 2), Pike Company, Inc., the plaintiff in action No. 1 and a defendant in action No. 2, appeals from an order of the Supreme Court, Suffolk County (Pines, J.), dated April 4, 2012, which denied its motion, in effect, for summary judgment on the issue of liability in action No. 1 and dismissing the amended complaint in action No. 2 insofar as asserted against it.

Ordered that the order is affirmed, with costs.

In December 2009, Pike Company, Inc. (hereinafter Pike), the general contractor on a project for the construction of three buildings, entered into separate agreements with Customweld Industries, Inc. (hereinafter Customweld), and Slip Fit, Inc. (hereinafter Slip Fit), for those companies to perform steel fabrication and erection work for the project. In May 2010, Pike terminated its agreements with Customweld and Slip Fit based on Customweld's failure to provide a performance bond and payment bond as required by its contract with Pike, and based on allegedly untimely and deficient work by Customweld and Slip Fit.

In June 2010, Pike commenced an action against Customweld and Slip Fit to recover damages for breach of contract (action No. 1). In July 2010, Customweld and Slip Fit commenced an action against Pike, among others, seeking, inter alia, to recover damages for breach of contract (action No. 2). In October 2011, Pike moved, in effect, for summary judgment on the issue of liability in action No. 1 and dismissing the amended complaint in action No. 2 insofar as asserted against it. In an order dated April 4, 2012, the Supreme Court denied Pike's motion.

Contrary to the Supreme Court's determination, Pike established its prima facie entitlement to judgment as a matter of law by submitting evidence, inter alia, that Customweld did not provide a performance bond and payment bond as required by its contract with Pike, that the work was behind schedule, and that there were certain deficiencies in the work (*see Alvarez v Prospect Hosp.*, 68 NY2d 320, 324 [1986]). However, in opposition, Customweld and Slip Fit raised triable issues of fact as to whether, among other things, Pike waived the requirement that Customweld provide a performance bond and payment bond by a certain date (*see Sehlbert Mech. Corp. v Kessel/Duff Constr. Corp.*, 79 AD2d 680 [1980]; *cf. F. Bender Inc. v Crow Constr. Co.*, 266 AD2d 503 [1999]), any delay was attributable to Pike's own

conduct, and any deficiencies in the work were the result of Customweld and Slip Fit being prematurely terminated from the project.

The parties' remaining contentions either need not be reached in light of our determination or are without merit.

Accordingly, the Supreme Court properly denied Pike's motion, in effect, for summary judgment on the issue of liability in action No. 1 and dismissing the amended complaint in action No. 2 insofar as asserted against it. Rivera, J.P., Leventhal, Hall and Roman, JJ., concur.