MAXWELL TEXTILE COMPANY, INC., Plaintiff, *v.* THE GLOBE & RUTGERS FIRE INSURANCE CO. OF THE CITY OF N. Y., INC., Defendant.

Supreme Court, New York County, August 2, 1928.

Insurance — carriage insurance — action to recover on policy insuring goods in possession of common carrier — defense that insured entered into special agreement with carriers releasing common-law or statutory liability in violation of policy — policy also provided that insured might accept without prejudice ordinary bills of lading — insured placed value on shipment in excess of maximum stated in bill of lading but less than full value — defendant not liable.

The plaintiff, the assignee of the shipper, has brought this action to recover on a policy of insurance covering goods in transit while in the possession of a common carrier. The bill of lading provided for a maximum liability of fifty dollars per shipment unless a greater value was declared. The shipper declared a value greater than that amount but not equal to the value of the merchandise. The defense that the shipper released the carrier from its common-law or statutory liability in violation of the terms of the policy, could not be sustained if the shipper had accepted the ordinary bill of lading with a maximum liability of fifty dollars, for another provision of the policy provided that the insured might accept without prejudice to the insurance the ordinary bills of lading issued by the carrier.

However, since the shipper placed a value on the shipment in excess of the maximum stated in the bill of lading, and less than the actual value, the plaintiff may not recover on the policy.

ACTION to recover loss under policy of fire insurance covering merchandise shipped by plaintiff's assignor.

*Maxwell Hyman* [*Alfred B. Nathan* of counsel], for the plaintiff.

*Davies, Auerbach & Cornell* [*Martin A. Schenck* of counsel], for the defendant.

FRANKENTHALER, J. The insurance policy upon which this action is based contains a warranty by the assured " that he has not or will not enter in any special agreement with the carriers releasing them from their common-law or statutory liability." It provides in addition that " in case of any agreement by the assured,

**680**  Maxwell Textile Co., Inc., v. Globe & R. F. Ins. Co.

Supreme Court, August, 1928.  [Vol. 132]

prior or subsequent hereto, whereby any right of recovery of the assured for loss of or damage to any property insured hereunder, against any person or corporation, is released, impaired or lost, which would on acceptance of abandonment or payment of a loss by this company, have enured to its benefit, but for such agreement or act, this company shall not be bound to pay any loss, but its right to retain or recover the premium shall not be affected." Plaintiff's assignor, at the time it made the two shipments of merchandise for the loss of which recovery is now sought on the policy, accepted from the carrier non-negotiable bills of lading which provided for a maximum liability on the part of the latter in the sum of $50 per shipment in case of loss unless a greater value was declared and charges for such greater value paid. These bills of lading were in the form customarily employed by the carrier and had been used in connection with all shipments which plaintiff's assignor had made for a number of years. The values declared on the two shipments were $250 and $390, respectively, although the merchandise was worth in one instance $3,706.32, and in the other $5,100.18, a total of $8,806.50. Plaintiff sues for $5,000, the full amount of the policy, and is met with the contention that the defendant is not liable by reason of the fact that plaintiff's assignor impaired the right of subrogation which the defendant would have had against the carrier had the full value of each shipment been declared. Defendant would undoubtedly be entitled to prevail in the defense thus asserted were it not for the following provision of the policy: " *It is understood and agreed that the assured may accept without prejudice to this insurance the ordinary bills of lading issued by carrier,* but it is warranted by the assured that this insurance shall not enure directly or indirectly to the benefit of the carrier or other bailee, by stipulation in bill of lading or otherwise, and any breach of this warranty, and any act or agreement by the assured, prior or subsequent hereto, whereby any carrier or party liable for, or on account of, loss of or damage to any property insured hereunder, is given the benefit of any insurance effected thereon, shall render this policy of insurance null and void." We have here an express permission to the assured " without prejudice to this insurance " to accept " the ordinary bills of lading issued by carrier " except where they contain a stipulation giving the carrier the benefit of the insurance — which is not the case here. It may be argued that this provision of the policy must be read in conjunction with and in subordination to the warranty against entering into a special agreement with the carrier releasing or impairing the insurer's right of subrogation. In other words, it may be urged that, reading the policy as a whole, it was

intended to permit the assured to accept the ordinary bills of lading issued by a carrier only where they contained nothing which violated any other warranty or provision of the policy.   If such a construction were, however, adopted, the permission to accept ordinary bills of lading without prejudice to the insurance would be rendered utterly superfluous.   The assured hardly needs the consent of the insurer to accept bills of lading which contain nothing contrary to or prohibited by the terms of the policy.   If the provision in question is to be given any meaning it must be that the assured was privileged to accept the ordinary bills of lading issued by a carrier although they might contain stipulations which would otherwise void the policy.   The propriety of this interpretation is confirmed by the fact that the single exception stated is where the bill of lading contains a provision giving the carrier the benefit of the insurance.   At all events, any ambiguity or doubt as to the proper interpretation of the privilege extended to the assured with regard to the use of ordinary bills of lading is to be resolved against the insurer, in accordance with familiar principles of construction.   It follows that, had plaintiff's assignor declared no value on either shipment, it would nevertheless have been entitled to recover from the defendant the entire amount of its loss, not exceeding, however, the face value of the policy. This is so because the bills of lading here involved, in their ordinary printed form, provided for an agreed valuation of not exceeding $50 unless a greater value was declared and charges for the same paid.   The assured was under no obligation to declare a greater value and by this *affirmative* act create a variation from the ordinary form of the bill.   Not content with accepting the bills of lading in their ordinary form the assured did, however, declare a value of $250 on one shipment and $390 on the other.   Thus, by an affirmative act, it entered into a special agreement limiting the carrier's liability which was not embodied in the forms of bill of lading customarily employed by the latter.   Having chosen to place specific valuations upon the merchandise shipped it was under the duty to make them high enough to protect the carrier's right of subrogation if it wished to obtain the benefit of the insurance.   In accordance with the stipulation entered into at the outset of the trial a verdict is directed for defendant.