■ MAX L. BLISS, Respondent, v. EAST COAST LUMBER TERMINAL, INC., et al., Respondents. ANTHONY VAGHI et al., as Ancillary Executors of GEORGE A. MILLER, JR., Deceased, Third-Party Plaintiffs-Respondents, v. IRVING GROSS, Third-Party Defendant-Appellant.— Pursuant to stipulation, appeal discontinued, without costs. Present — Nolan, P. J., Wenzel, Beldock, Murphy and Kleinfeld, JJ.

■ JOSEPH M. BUCKO et al., Respondents, v. ANCHOR MOTOR FREIGHT CORPORATION, Appellant, et al., Defendants.— In an action by passengers in a station wagon to recover damages for personal injuries alleged to have been received when the station wagon collided with a tractor-trailer, the jury rendered a verdict in favor of the passengers and against Anchor Motor Freight Corporation, the owner and operator of the tractor-trailer, and John Strasser, the owner and operator of the station wagon. Anchor Motor Freight Corporation appeals from the judgment entered thereon insofar as it is against said corporation. Judgment insofar as it is in favor of respondents against appellant reversed, action by respondents against appellant severed, and a new trial granted as between respondents and appellant, with costs to abide the event. The verdict against appellant, in our opinion, is against the weight of the evidence. Nolan, P. J., Murphy, Ughetta and Kleinfeld, JJ., concur; Wenzel, J., concurs insofar as the judgment is reversed, but dissents insofar as a new trial is granted, and votes to dismiss the complaint, with the following memorandum: I find no question of fact upon which the negligence of the appellant could be predicated.

■ PAUL DEMETRES, as Assignee of NICHOLAS DEMETRES, Respondent, v. PHILIP SCHULMAN, Defendant, and ANTHONY LOZITO, Appellant.— A summary proceeding, pending in the Justice's Court of the Town of Babylon, to evict the assignee of a lease dated April 28, 1949 made by Philip Schulman, as landlord, was consolidated with an action by said assignee, pending in the Supreme Court, Suffolk County, to set aside a conveyance of the leased property, to compel the specific performance of a clause in the lease giving the lessee first preference to purchase such property, and for other relief. The appeal is from a judgment entered after trial before an Official Referee in favor of respondent against appellant. Judgment unanimously affirmed, with costs. The proof shows that on September 24, 1951 defendant Philip Schulman and his wife conveyed the property to Meriv Realty Corporation, the stock of which was wholly owned by Sam Schulman, said defendant's father. On May 29, 1953 Meriv conveyed the property to Sam Schulman, who on March 5, 1954 conveyed it to appellant. The Official Referee found these conveyances were not bona fide sales. Implicit therein is a finding that notice of the conveyance to Meriv was not given to respondent despite the first preference clause of the lease. It was within the province of the Official Referee so to find, in the light of all the circumstances, including failure to deny the allegations of paragraph Fifth of the complaint. No error was committed in excluding the testimony of respondent's wife. Appellant's attorney sought to justify admission of such testimony on the limited ground that respondent and his wife were then legally separated. In any event, such proffered testimony was not so substantial as to affect the result herein. It is immaterial that the Official Referee mistakenly found that defendant Philip Schulman was dead. Specific performance is a proper remedy (*Wheeler* v. *Standard Oil Co. of N. Y.*, 263 N. Y. 34, 38; *Garelik* v. *Rennard*, 116 Misc. 352). Present — Nolan, P. J., Beldock, Murphy, Ughetta and Kleinfeld, JJ. [See *post*, p. 714.]