SEIFERT, HIRSHORN AND PACKMAN, INC., Respondent, v. INSURANCE COMPANY OF NORTH AMERICA, Appellant.

First Department, June 8, 1971.

Joseph A. Scalzo of counsel (Doran, Cunningham & Caserio, attorneys), for appellant.

David O. Alfert for respondent.

McNALLY, J. Appeal, by leave of the Appellate Term, from its determination affirming, by a divided court, the order of the Civil Court denying defendant's motion for summary judgment, and awarding summary judgment to plaintiff. For the reasons hereinafter stated, we reverse the order, on the law, with costs and with disbursements and grant defendant's motion for summary judgment.

Defendant insurance company issued to plaintiff a transportation floater policy. Attached to and forming part of the policy is a fur dealer's form.

The policy provides it does not cover property in transit by railroad, waterborne, air or motor carriers unless on shipments of $200 or more, a declaration of 25% of the value of the shipment, or $200, whichever is greater, is made to the carrier. The plaintiff, at New York, consigned two parcels said to contain furs having an actual value of $6,135, to the consignee in Harrisburg, Pennsylvania. The goods were tendered to a common carrier, Greyhound Lines, which issued its bill of lading.

The bill of lading issued by Greyhound Lines showed a value declaration for carriage of $250. The fee paid on said declared value was 50 cents. The shipment was subsequently lost. Demand was made upon the defendant and rejected.

In the circumstances of this case, the maximum policy liability is $5,000. Plaintiff sought the full value of the shipment, $6,135. The Civil Court denied defendant's motion for summary judgment. However, on its own motion, the court granted summary judgment to the plaintiff for the sum of $3,716.25. Said sum represents $5,000 less 25% of the value of the shipment, to wit, $1,533.75, which plaintiff was obliged to declare under the policy, less $250, the declared value. The court reasoned that the principal purpose of the policy clause for the declaration of no less than 25% of the value of the shipment, to wit, subrogation to that extent, was thereby accomplished. The Appellate Term affirmed, Mr. Justice Quinn dissenting.

The terms and conditions of the policy are clear and unambiguous. Since there are no questions as to the meaning and intent of the insurance contract and no violation of public policy, plaintiff, as stated in the dissenting opinion of Mr. Justice Quinn, is barred from recovery under the policy. Plaintiff knew a specified value must of necessity be declared. It failed to adhere to that requirement and is not entitled to recovery. *Maxwell Textile Co.* v. *Globe & Rutgers Fire Ins. Co. of City of N. Y.* (132 Misc. 679, affd. 225 App. Div. 279, affd. 251 N. Y. 535) is a case in point. In that case, the defendant had issued to the plaintiff a transit floater policy. Suit was brought for the loss of two shipments valued at $5,100 and $3,700, respectively. The shipments were acknowledged by two receipts with declared values of $390 and $250, respectively. The Appellate Division there held, and the Court of Appeals affirmed, that undervaluation is a bar to recovery.

There is no ambiguity found in the wording of the policy and the issue presented is whether the loss is covered or excluded

under the wording of the fur dealer's form. The law in this State has always been that where a clause is not ambiguous and is clear as to its intent, the court may not, in effect, make a new contract under the guise of interpretation. (*Rosenthal* v. *American Bonding Co. of Baltimore*, 207 N. Y. 162.) That decision laid down the basic principle with reference to the interpretation of insurance policies. If the parties to a contract adopt a provision which contravenes no principle of public policy and is not ambiguous, the courts have no right to relieve one of them from disadvantageous terms by a process of interpretation. (See, also, *Wilson Sullivan Co.* v. *International Paper Makers Realty Corp.*, 307 N. Y. 20, 25; *Peripheral Equipment* v. *Farrington Mfg. Co.*, 29 A D 2d 11.)

We perceive no unjust enrichment, as suggested by the Civil Court and argued by the respondent on this appeal. This reasoning disregards the fact that there were numerous liability exposures undertaken by the defendant under the policy. The plaintiff was provided specific coverage for specific losses. Thus any premium paid to defendant was earned and the fact that this loss was not covered does not mean that defendant was unjustly enriched.

NUNEZ, J. P., TILZER and MACKEN, JJ., concur with McNALLY, J.; KUPFERMAN, J., dissents and votes to affirm the Appellate Term's affirmation of the order of the Civil Court on the opinion of Civil Court Judge DANIEL M. KELLY below.

Order, Appellate Term, First Judicial Department, entered on November 23, 1970, reversed, on the law, and the order of the Civil Court of the City of New York, New York County, entered on January 16, 1970, is reversed, plaintiff's motion for summary judgment denied and defendant's motion for summary judgment dismissing the complaint granted. Appellant shall recover of respondent $50 costs and disbursements of this appeal.