■ HORSE HAVEN, INC., Appellant, v SECRET MEADOW FARMS, INC., Respondent. — In a proceeding to, *inter alia,* enjoin defendant from commencing any action or proceeding to remove, dispossess or evict plaintiff and to prohibit defendant from terminating the lease agreement between the parties, plaintiff appeals, as limited by its brief, from so much of an order of the Supreme Court, Rockland County (Wood, J.), dated March 12, 1981, as, upon granting renewal and reconsideration, adhered to its original determination that plaintiff's option to purchase the subject premises had been validly terminated. Order reversed insofar as appealed from, on the law and the facts, with $50 costs and disbursements, order of July 16, 1980 is vacated, and plaintiff's motion for an order holding that its option to purchase the subject parcel was not terminated prior to December 31, 1980 is granted. On June 15, 1979 the parties entered into an agreement in which plaintiff leased from defendant an approximately 57-acre parcel of land in the Town of Ramapo for a period of six months, commencing July 1, 1979. There was also an option agreement entered into by the parties in which plaintiff had the unconditional right to purchase the property by December 31, 1979. In the event that plaintiff failed to exercise the

option during that time but opted to extend the lease, it would have a right of first refusal for the period of the extension. On November 28, 1979, the parties executed a written modification of their lease and option agreement. By the provisions thereof, the lease was extended to December 31, 1980. With respect to the option agreement, the modification contained the following language: "THIRD: The right to purchase the aforesaid approximately fifty-seven acres as set forth in the June 15, 1979 agreement between the parties, shall be extended to the 31st day of December, 1980, and all references in the aforesaid agreement to the December 31, 1979 date shall be deemed hereafter to read December 31, 1980." During the initial lease term, plaintiff did not elect to exercise its rights under the option agreement. By letter dated April 17, 1980 plaintiff was informed by defendant's attorney that a bona fide offer to purchase the subject premises had been received. Plaintiff did not move to exercise any right of first refusal, believing that it had an absolute right to purchase the property until December 31, 1980. In May, 1980 defendant served upon plaintiff a notice to cure certain alleged violations of the lease agreement. Plaintiff then moved by order to show cause to enjoin defendant from commencing any action or proceeding to remove, dispossess or evict plaintiff or to cancel the lease agreement. Plaintiff further moved for judgment enjoining defendant's sale of the property until the expiration of plaintiff's right to purchase. The relief was denied by order dated July 16, 1980, and plaintiff's option to purchase was deemed canceled by its failure to exercise same within 20 days after its receipt of written notice regarding the prospective sale. Plaintiff moved to renew, alleging that the sale had never occurred nor had the threatened foreclosure ever taken place. The court, upon granting renewal and reconsideration, adhered to its original determination in all respects. Plaintiff's appeal arises from this order. It is clear from the record that the modification agreement of November 28, 1979 extended plaintiff's right to purchase the subject premises to December 31, 1980. Plaintiff was thus justified in believing that it had an absolute right to purchase the property until December 31, 1980. Paragraph 5 of the parties' option agreement of June 15, 1979, which provided that plaintiff would have a conditional right of first refusal during the extended lease period after December 31, 1979, did not come into play in light of the provision in the November 28, 1979 modification agreement to the effect that all references in the option agreement to the December 31, 1979 date "shall be deemed hereafter to read December 31, 1980." In the absence of ambiguity or a contravention of public policy, Special Term should not have interposed an unintended interpretation on the express language of the modification agreement (see Seifert, Hirshorn & Packman v Insurance Co. of North Amer., 36 AD2d 506). We note also that the purported contract of sale between defendant and the alleged third-party purchasers could not have sufficed to terminate plaintiff's rights under its agreements with defendant. The terms of said contract were considerably less advantageous to defendant than were those of the contract of sale prepared for plaintiff and annexed to the option agreement of June 15, 1979. It was noted in the affidavit of Sandra Sacs, one of the proposed third-party purchasers, that "had we known that there was a lease in existence and that the Seller could not close on/or about July 1, 1980, we would never have entered into the contract". She termed the alleged third-party contract a conditional "offer", one of which conditions was impossible to fulfill. Lessors are in no position to call upon lessees to exercise their options, rather than suffer a forfeiture, prior to receipt by the lessors of a third-party offer which they are willing to accept (Cortese v Connors, 1 NY2d 265, mot for rearg den 2 NY2d 755). Damiani, J. P., Titone, Mangano and Weinstein, JJ., concur.