■ H. G. FABRIC DISCOUNT, INC., Appellant, v MURRAY POMERANTZ, et al., Respondents.—In an action for a judgment declaring that the plaintiff has a valid option to purchase certain real property under a lease and for specific performance of that option, the plaintiff appeals, as limited by its brief, from so much of an order of the Supreme Court, Nassau County (Collins, J.), entered October 22, 1985, as denied its motion for summary judgment on the first two causes of action in its complaint.

Ordered that the order is modified, on the law, by granting the plaintiff summary judgment on its first cause of action setting aside a conveyance of real property, dated September 5, 1980, by the defendant Murray H. Pomerantz to the defendant Harold S. Pomerantz, and directing specific performance on the plaintiff's right of first refusal under a lease between the plaintiff and the defendant Harold Pomerantz at a price of $90,000; as so modified, the order is affirmed, insofar as appealed from, with costs to the plaintiff.

On June 27, 1980, the plaintiff, as tenant, and the defendant Murray Pomerantz, as landlord, entered into a written lease for the rental of certain premises in Nassau County. Section 31 of the lease provided that: "The leasee shall have the option to purchase the building for the sum of $200,000., at any time during the term of the lease. In the event the landlord wants to sell during the term of the lease, the tenant shall have right of 1st refusal at option price, or price offered to prospective purchaser, whichever is less".

Shortly thereafter, the Urban Development Corporation approached the defendant Murray Pomerantz and offered to purchase the premises for $200,000 on condition that the premises would be unoccupied. The defendant informed the plaintiff of the offer and offered to sell the premises to the plaintiff at the same price. The plaintiff refused the offer as well as the defendant's request to cancel the lease so that the premises could be sold vacant. On September 5, 1980, the defendant transferred ownership of the premises to his son, the defendant Harold Pomerantz, for $90,000 and subsequently assigned the lease to him.

The plaintiff commenced the instant action alleging, *inter alia,* that the sale of the property to Harold Pomerantz was in violation of its right of first refusal under the lease. The plaintiff's first cause of action sought specific performance of

such right against the defendant Harold Pomerantz so as to permit the plaintiff to purchase the premises for $90,000. A second cause of action sought to set aside the sale to Harold Pomerantz; a declaration that the plaintiff had a valid option to purchase the premises for $200,000 during the term of the lease and that the plaintiff had a valid right of first refusal.

Contrary to the defendants' argument, the plaintiff did not waive its right of first refusal by declining to purchase the premises at the price offered by the Urban Development Corporation. It is well settled that lessees are not obligated to exercise an option of first refusal or suffer its forfeiture until the lessor has received a bona fide offer from a third party at terms which the lessor is willing to accept *(see, Cortese v Connors,* 1 NY2d 265, *rearg denied* 2 NY2d 755). The lessor, however, must also be capable of accepting any such offer, that is, the conditions thereof must not be impossible to fulfill *(see, Horse Haven v Secret Meadow Farms,* 87 AD2d 583, 584).

Here, it is undisputed that the Urban Development Corporation offer was conditioned upon the premises being unoccupied. Since the premises were, in fact, occupied by the plaintiff, who refused and was under no duty to vacate, the lessor, the defendant Murray Pomerantz, was not in a position to accept the offer. As only a conditional offer existed, and one condition was impossible to fulfill, the plaintiff was never required to exercise its right of first refusal and could not, therefore, have waived it. The subsequent sale of the premises to the defendant Harold Pomerantz, who was aware of the plaintiff's option, without a prior offer to the plaintiff, warrants the granting of specific performance of the plaintiff's right of first refusal at a price of $90,000 *(see,* 33 NY Jur, Landlord & Tenant, § 203; *Wheeler v Standard Oil Co.,* 263 NY 34; *Demetres v Schulman,* 3 AD2d 673, *lv and rearg denied* 3 AD2d 714, *rearg denied* 5 AD2d 678). Mangano, J. P., Kunzeman, Kooper and Spatt, JJ., concur.