■ FOLEY PRODUCTIONS, INC., Respondent, v SINGER CORPORATION, Appellant.—Order unanimously reversed on the law without costs and defendant's motion granted. Memorandum: The sole question presented on this motion for summary judgment is the interpretation of a written distributorship agreement between the parties. Paragraph 18 (c) of the agreement provided that the agreement could be terminated by defendant in the event that it decided to discontinue dealing in or with the products; it also provided that plaintiff was to be given "a 90 day written advance notice of any such decision". Defendant submitted affidavits and documentary evidence establishing that on or about May 24, 1985 it gave plaintiff the required 90-day written notice of its decision to discontinue dealing in or with the products. In opposition, plaintiff claimed that its "understanding" of the termination provisions of the agreement differed from that of defendant and asserted that the notice of May 24, 1985 was not timely.

Where, as here, the intention of the parties is plainly expressed in clear, unambiguous terms, the question is one of law, appropriately decided by the court on a motion for summary judgment *(see, Long Is. R. R. Co. v Northville Indus. Corp.,* 41 NY2d 455, 461; *Mallad Constr. Corp. v County Fed. Sav. & Loan Assn.,* 32 NY2d 285, 290-291). The record is clear that defendant gave plaintiff the required 90-day written notice of its decision to discontinue dealing in or with the products. Thus, it properly complied with the provisions of the written agreement with respect to termination of the distributorship agreement. Since plaintiff failed to establish the existence of any material issue of fact requiring trial, defendant's motion for summary judgment must be granted. (Appeal from order of Supreme Court, Monroe County, Davis, J.—partial summary judgment.) Present—Callahan, J. P., Doerr, Boomer, Balio and Lawton, JJ.