■ ZELMAN ORGANIZATION AT HICKSVILLE, INC., Appellant, v GALILEO GALILEI LODGE, INC., et al., Respondents, and ALAN ZELMAN, Appellant. [604 NYS2d 265] —In an action to recover a down payment for the sale of real property, the plaintiff Zelman Organization at Hicksville, Inc., and the "additional defendant" Alan Zelman appeal, as limited by their brief, from so much of an order and judgment (one paper) of the Supreme Court, Nassau County (Robbins, J.), entered September 19, 1991, as granted that branch of the defendant Galileo Galilei Lodge's cross motion which was for summary judgment entitling it to retain the $50,000 down payment as an award of damages for the plaintiff's breach of the contract, and denied the motion of the plaintiff and the additional defendant Zelman for summary judgment awarding the plaintiff the down payment and dismissing the cross claim against the defendant Zelman.

Ordered that the order and judgment is reversed insofar as appealed from, on the law, with one bill of costs payable to the plaintiff and the additional defendant by the defendant Galileo Galilei Lodge, Inc., that branch of the cross motion of the defendant Galileo Galilei Lodge, Inc., which was for summary judgment entitling it to retain the down payment is denied, and the motion of the plaintiff and the additional defendant Zelman for summary judgment awarding the plain-

tiff the down payment and dismissing the cross claim is granted, and the matter is remitted to the Supreme Court, Nassau County, for entry of an appropriate judgment.

Contrary to the conclusion of the Supreme Court, we find that the contract provision in question, conditioning the plaintiff's obligation to purchase the premises upon it successfully obtaining a building permit and a variance for alterations to the building, did not, as a matter of law, preclude the plaintiff from submitting plans for the construction of an elevator to service the building. The defendant-seller has not demonstrated that the parties had reached any agreement as to the extent of the alterations contemplated. Accordingly, the plaintiff's resultant inability to obtain a parking variance necessitated by the proposed increase in the square footage of the building did constitute a valid reason to cancel the contract pursuant to the terms thereof (see, Foley Prods. v Singer Corp., 133 AD2d 531).

Moreover, the record clearly supports the plaintiff's contentions that the defendant-seller acquiesced in the plaintiff's application for a variance in the number of off street parking spaces, which variance was necessitated by the plaintiff's proposal to construct an elevator shaft on the exterior of the building. The defendant-seller expressly authorized the variance application cognizant of the plaintiff's plan to construct the elevator shaft, and the defendant-seller's attorney affirmatively argued in support of the plan before the zoning board of appeals. It was only after the variance application had been denied and the plaintiff sought the return of the down payment that the defendant-seller first argued that the variance application exceeded the scope of the contract condition. However, the defendant-seller's knowing acquiescence in the plaintiff's application for the variance estops the defendant-seller from now arguing that the contract condition did not cover the construction of the elevator (see, Electrolux Corp. v Val-Worth, Inc., 6 NY2d 556; Sehlbert Mech. Corp. v Kessel/Duff Constr. Corp., 79 AD2d 680). Accordingly, we find that the plaintiff's inability to obtain the variance was a condition envisioned by the parties as entitling the plaintiff to cancel the contract and to receive a refund of its down payment. Rosenblatt, J. P., Miller, Lawrence and Pizzuto, JJ., concur.