■ BRADCO HOMES, INC., Respondent, v PHILIP D. GELLERT et al., Appellants. [636 NYS2d 202] —Yesawich Jr., J. Appeal from a judgment of the Supreme Court (Klein, J.H.O.), entered August 31, 1993 in Columbia County, upon a decision of the court in favor of plaintiff.

Plaintiff entered into an agreement to purchase from defendants approximately 17 acres of real property, located in the Town of Hillsdale, Columbia County. The contract provided that defendants were to construct a road between the subject property and a larger parcel they retained within one year from the date of closing, and that if they did not do so they would return to plaintiff $15,000 of the purchase price. The contract also stated that if defendants did not build the road and returned the $15,000, the parties would equally share the cost of the road when it was "put in", provided plaintiff still owned the adjoining property. It was established at trial that each party intended to subdivide its land and that the road was desired as a means of access to some of the proposed lots.

The sale was consummated on May 15, 1986, and on May 1, 1987 defendants began construction on the road. When the one-year deadline arrived, however, the road was not completed. Defendants returned $15,000 to plaintiff but continued to work with contractors to finish the road. Although plaintiff originally acknowledged that it was responsible for one half of the construction costs, shortly thereafter—apparently upon discovering that the costs would be significantly higher than it had expected—plaintiff declared that it would not pay more than $13,500 toward the construction. Defendants ceased construction in August 1987, having expended a total of $37,095.

Plaintiff commenced this action in March 1988 alleging, insofar as relevant here, that defendants breached the contract by failing to construct a road that met Town subdivision requirements, for which plaintiff seeks money damages. Defendants answered and counterclaimed for, *inter alia*, one half of the amount they expended in building the road; they contend that it was adequate, having been orally approved by the Town Highway Superintendent. After a nonjury trial, Supreme Court found that the relevant clauses of the contract were ambiguous, that the parties intended the road to be built to Town specifications and that it was not, that it would cost an additional $45,000 to bring the road into compliance with those requirements, and that defendants, having commenced construction before the one-year deadline, were obliged to pay for its completion. Judgment was rendered for plaintiff in the amount of $30,000, representing the difference between the $45,000 cost to finish the road and the $15,000 plaintiff had already received, and plaintiff was directed to complete the road. Defendants appeal.

Clearly, the contract is ambiguous with respect to the nature of the contemplated road. Inasmuch as the parties both testified that they intended to subdivide their land for residential development, it was not unreasonable for Supreme Court to find that they also intended that the road be suitable for such purpose, namely, that it comply with Town requirements necessary to permit subdivision of the adjoining lands, as of the time it is completed (*see, Brown Bros. Elec. Contrs. v Beam Constr. Corp.*, 41 NY2d 397, 399-400). And, giving due deference to the trial court's ability to assess the evidence and the witnesses' credibility (*see, Cooper-Rutter Assocs. v Anchor Natl. Life Ins. Co.*, 193 AD2d 944, 946), there is ample support for Supreme Court's conclusion that the road did not meet the pertinent requirements in August 1987, when defendants discontinued working on it.

Supreme Court erred, however, in finding that defendants are obligated to finance the entire construction process, merely because they began to work on the road within the one-year period. The contract unequivocally provides that if defendants do not "put in the road"—i.e., a road suitable to permit subdivision of the properties—within the year, their only obligation is to return $15,000 to plaintiff. Moreover, the record evidence, including correspondence authored by plaintiff's president, confirms the parties' understanding that the purpose of this clause was to require that defendants either *complete* the road within the time period or pay a penalty. Plaintiff apparently viewed the recovery of $15,000 as sufficient protection in the event defendants failed to provide them with the road, as agreed. To interpret the phrase "put in the road" as referring to the beginning of the construction process is untenable, for it would enable defendants to avoid refunding the $15,000 merely by *starting* construction, a result plainly not intended by either party.

Hence, we find that defendants did not breach the contract, but rather, by returning the $15,000, complied with its terms. The contract does not assure that defendants will actually install the road; it merely gives them the option to do so, should they so choose. It is undisputed that defendants would be within their rights if they had opted to return the $15,000 and share the costs, after receiving a cost estimate (but before beginning the work). The clear intent of the agreement was to shift the risk of a high cost of construction to plaintiff, who could expect defendants to proceed with construction if the total cost was projected to be less than $30,000, but to return the $15,000, and share the cost, otherwise. While the clauses at issue undeniably confer an advantage upon defendants, which plaintiff now argues is unfair, it is not the province of the courts to relieve a party from the consequences of an agreement that is later discovered to be a "bad bargain" (*see, Seifert, Hirshorn & Packman v Insurance Co.*, 36 AD2d 506, 508). There being no breach, plaintiff is not entitled to recover on its first cause of action, the only one being reviewed.

As for defendants' counterclaim, in which they seek to recover one half of the moneys they have expended on the road construction to date, that is also an ineffectual claim. Again, the plain language of the contract is dispositive (*see, Beltrone Constr. Co. v State of New York*, 189 AD2d 963, 965, *lv denied* 81 NY2d 709); it provides that, if the parties find themselves in the very circumstances that occurred here, plaintiff "agrees to pay one half (¹/₂) the cost of the road *when it is put in*". Because

the road has never met the applicable Town requirements, however, it has not been "put in", and plaintiff need not pay one half of the construction costs until that is accomplished (provided, as the contract expressly declares, that plaintiff "continues to own the property" at that time).

Cardona, P. J., White, Casey and Spain, JJ., concur. Ordered that the judgment is modified, on the law, without costs, by deleting therefrom decretal paragraphs (a) and (b); plaintiff's complaint is dismissed and defendants' first counterclaim is dismissed; and, as so modified, affirmed.