■ FG HARRIMAN COMMONS, LLC, et al., Appellants, v FBG OWNERS, LLC, et al., Respondents. [906 NYS2d 62]—

In an action to recover damages for breach of contract, the plaintiffs appeal from an order of the Supreme Court, Westchester County (Rudolph, J.), entered January 29, 2009, which granted the defendants' motion, inter alia, to dismiss the complaint pursuant to CPLR 3211 (a) (1) based upon documentary evidence.

Ordered that the order is affirmed, with costs.

On December 17, 1997, the plaintiff Abraham Goldberger, nonparty Alex Goldberger, the defendant Jay Furman, and nonparty Richard Birdoff entered into a letter agreement establishing several property companies and one master company to purchase, develop, and sell real property, and, pursuant to that letter agreement, Furman and Birdoff (hereinafter together the FB Group) had the unlimited power and authority to sell all or any part of certain real property on such terms as they determined if they first notified Alex Goldberger and Abraham Goldberger (hereinafter together the Goldbergers) of the terms and conditions of the proposed sale. The Goldbergers then would have 60 days to elect whether to purchase the property on such terms.

On January 22, 2007, Furman sent a letter to the Goldbergers informing them that he had executed a nonbinding letter of intent to sell certain real properties to Vornado Realty Trust (hereinafter Vornado), and he included a proposed contract of sale for the Goldbergers to execute if they desired to purchase the properties. Ultimately, after negotiations, upon assignment of Abraham Goldberger's right to purchase the properties to FG Harriman Commons, LLC (hereinafter FG), FG executed a contract of sale for the properties on May 3, 2007, and, by a separate settlement and release also executed on that day, reserved the right to seek judicial review of the terms that the FB Group had included in the contract.

A motion to dismiss pursuant to CPLR 3211 (a) (1) on the ground that the action is barred by documentary evidence "may be appropriately granted only where the documentary evidence

utterly refutes plaintiff's factual allegations, conclusively establishing a defense as a matter of law" (*Goshen v Mutual Life Ins. Co. of N.Y.*, 98 NY2d 314, 326 [2002]). The terms of the letter agreement, a binding contract, permitted the FB Group to offer the property to the Goldbergers' assignee, FG, on terms not materially less favorable than the terms negotiated with Vornado. The documentary evidence conclusively established, as a matter of law, that the FB Group did not breach the terms of the letter agreement.

The plaintiffs' remaining contentions are not properly before this Court. Fisher, J.P., Leventhal, Belen and Sgroi, JJ., concur.