■ 41 NORTH 73 WEST, INC., Doing Business as AVITAT WESTCHESTER and JET SYSTEMS, Appellant, v WESTAIR AVIATION SERVICES, LLC, et al., Respondents. [909 NYS2d 129]—In an action, inter alia, to recover damages for tortious interference with business relations, tortious interference with prospective economic advantage, and unjust enrichment, and for a declaratory judgment, the plaintiff appeals, as limited by its brief, from so much of an order of the Supreme Court, Westchester County (Colabella, J.), entered July 1, 2009, as granted those branches of the defendants' respective motions which were to dismiss the amended complaint insofar as asserted against each of them pursuant to CPLR 3211 (a) (1) and (7).

Ordered that the order is affirmed insofar as appealed from, with one bill of costs, and the matter is remitted to the Supreme Court, Westchester County, for the entry of a judgment making the appropriate declaration.

The Supreme Court properly granted those branches of the defendants' respective motions which were to dismiss the amended complaint insofar as asserted against each of them pursuant to CPLR 3211 (a) (1). To succeed on a motion to dismiss pursuant to CPLR 3211 (a) (1), the documentary evidence that forms the basis of the defense must resolve all factual issues as a matter of law, and conclusively dispose of the plaintiff's claim (*see Goshen v Mutual Life Ins. Co. of N.Y.*, 98 NY2d 314 [2002]; *FG Harriman Commons, LLC v FBG Owners, LLC*, 75 AD3d 527 [2010]; *Hallman v Kantor*, 72 AD3d 895, 896 [2010], *lv denied* 15 NY3d 706 [2010]; *KMK Safety Consulting, LLC v Jeffrey M. Brown Assoc., Inc.*, 72 AD3d 650 [2010]; *McMorrow v Dime Sav. Bank of Williamsburgh*, 48 AD3d 646, 647 [2008]). Here, the defendants proffered documentary evidence which conclusively established, as a matter of law, defenses to the substantive allegations in the amended complaint.

The plaintiff's remaining contentions either are without merit or need not be reached in light of our determination.

Since this is, in part, a declaratory judgment action, we remit the matter to the Supreme Court, Westchester County, for the entry of a judgment making the appropriate declaration (*see Lanza v Wagner*, 11 NY2d 317, 329 [1962], *appeal dismissed* 371 US 74 [1962], *cert denied* 371 US 901 [1962]). Covello, J.P., Leventhal, Belen and Hall, JJ., concur.