■ GRACE MARJORIE SCOTT, Appellant, v SHERRAN FIELDS et al., Defendants, and C & C HOMES, INC., Respondent. [938 NYS2d 575]—

The plaintiff alleges that the defendants conspired to defraud her of her real property by leading her to believe that she was refinancing the mortgage loan on her home, when, in actuality, she was conveying the property to the defendant Sherran Fields. The plaintiff asserts causes of action sounding in conversion, conspiracy, fraud, breach of implied contract, breach of fiduciary duty, and negligence. The defendants Kecia J. Weaver and Kecia J. Weaver, P.C. (hereinafter together Weaver), and the defendants Stella Azie and Stella Azie, P.C. (hereinafter together Azie), successfully moved to dismiss the complaint insofar as asserted against them pursuant to CPLR 3211 and, in a decision and order of this Court dated June 7, 2011, the dismissal of the complaint insofar as asserted against Weaver and Azie was affirmed (*see Scott v Fields*, 85 AD3d 756 [2011]). The plaintiff appeals from so much of an order as granted those branches of

the motion of the defendant C & C Homes, Inc. (hereinafter C & C), which were pursuant to CPLR 3211 (a) (7) to dismiss the third cause of action, which alleged fraud, and the fourth cause of action, which alleged breach of an implied contract, insofar as asserted against it.

The Supreme Court improperly granted that branch of C & C's motion which was to dismiss the third cause of action, which alleged fraud, insofar as asserted against it (*see* CPLR 3211 [a] [7]). The complaint alleges that C & C and the other defendants "made certain material oral and/or written representations and statements regarding past and/or existing facts regarding the subject property which did not include matters of mere opinion," and that these statements were false, were known to be false, and were intended to deceive, and that the plaintiff relied upon them to her detriment. " 'To make out a prima facie case of fraud, the complaint must contain allegations of a representation of material fact, falsity, scienter, reliance and injury' " (*Moore v Liberty Power Corp., LLC*, 72 AD3d 660, 661 [2010], quoting *Small v Lorillard Tobacco Co.*, 94 NY2d 43, 57 [1999]). "CPLR 3016 (b) further requires that the circumstances of the fraud must be 'stated in detail,' including specific dates and items" (*Moore v Liberty Power Corp., LLC*, 72 AD3d at 661).

C & C can only act through its principals, agents, or employees. The complaint alleges that the defendant Moses Crawford was a principal, agent, or employee of C & C, among others, which, if true, would make C & C liable for any misrepresentations made by Crawford while acting within the scope of his employment (*see Selechnik v Law Off. of Howard R. Birnbach*, 82 AD3d 1077 [2011]; *Manno v Mione*, 249 AD2d 372 [1998]). Here, the plaintiff describes with sufficient particularity the misrepresentations allegedly made by Crawford. The plaintiff alleges that Crawford represented that he could help her refinance her home with the use of a co-signer, and that he "explained that Defendant Sherran Fields will be added to the title of the subject property to allow a new loan mortgage to be taken in both the plaintiff's name and defendant Sherran Field's name, however, [the plaintiff] would remain on the title to the subject property as the primary owner and Defendant Sherran Fields would be added as a co-signer or secondary owner for a limited time." Moreover, the plaintiff alleges in the complaint that Crawford told her "that after about three months, but in no event longer than six months, Defendant Sherran Field's name would be removed from the deed and mortgage, as co-signer of the subject property," but that this removal was never effected.

Therefore, contrary to the Supreme Court's determination, the complaint adequately states a cause of action to recover damages for fraud as against C & C based upon the alleged misrepresentations of Crawford.

The Supreme Court properly granted that branch of C & C's motion which was to dismiss the fourth cause of action, which alleged breach of an implied contract, insofar as asserted against it. A cause of action predicated on a theory of implied contract or quasi-contract is not viable where there is an express agreement that governs the subject matter underlying the action (*see Clark-Fitzpatrick, Inc. v Long Is. R.R. Co.*, 70 NY2d 382, 388-389 [1987]). "A 'quasi contract' only applies in the absence of an express agreement, and is not really a contract at all, but rather a legal obligation imposed in order to prevent a party's unjust enrichment" (*id.* at 388). Here, there is an express contract of sale that was signed by the plaintiff and Fields, wherein the plaintiff agreed to sell the property to Fields. Therefore, that contract of sale governs the subject matter underlying the action even if the plaintiff was fraudulently induced to execute it, and the existence of that contract precludes a claim under the theory of implied contract. As such, the complaint fails to state a cause of action to recover damages under a theory of implied contract insofar as asserted against C & C. Florio, J.P., Chambers, Hall and Miller, JJ., concur. **[Prior Case History: 2010 NY Slip Op 32650(U).]**