■ EUGENE STAFFENBERG, Appellant, v FAIRFIELD PAGMA ASSOCIATES, L.P., et al., Respondents. [944 NYS2d 568]—

In an action, inter alia, to recover damages for breach of fiduciary duty, the plaintiff appeals, as limited by his brief, from so much of an order of the Supreme Court, Nassau County (Driscoll, J.), entered March 7, 2011, as granted those branches of the motion of the defendants Fairfield Pagma Associates, L.P., Seyfair LLC, Fairfox LLC, and Seymour Kleinman which were for summary judgment dismissing the fifth and eighth causes of action and the fourth cause of action insofar as asserted against those defendants, and granted that branch of the separate motion of the defendants Bonnie J. Kansler and Sejour & Associates, P.C., which was for summary judgment dismissing the third cause of action and the fourth cause of action insofar as asserted against the defendant Bonnie J. Kansler.

Ordered that the order is affirmed insofar as appealed from, with one bill of costs to respondents appearing separately and filing separate briefs.

On the advice of his accountant, Bonnie Kansler, the plaintiff invested the sum of $500,000 with Fairfield Pagma Associates, L.P. (hereinafter Fairfield Pagma), a limited partnership organized for the purpose of pooling funds to invest in Bernard L. Madoff Investment Securities (hereinafter BLMIS). After the discovery of Madoff's Ponzi scheme and the loss of the majority of his investment, the plaintiff commenced this action against

Kansler and her accounting firm (hereinafter together the Sejour defendants) and Fairfield Pagma, its general partners, and its manager (hereinafter collectively the Fairfield Pagma defendants), alleging causes of action sounding in professional malpractice, breach of fiduciary duties, breach of contract, breach of the implied covenant of good faith and fair dealing, and fraud.

The Fairfield Pagma defendants moved, and the Sejour defendants separately moved, for summary judgment dismissing the amended complaint insofar as asserted against each of them. The Supreme Court granted both motions. The plaintiff appeals from those portions of the order which awarded summary judgment dismissing the breach of fiduciary duty causes of action, and the causes of action sounding in breach of contract and breach of the covenant of good faith and fair dealing that were asserted against the Fairfield Pagma defendants. We affirm the order insofar as appealed from.

The Supreme Court properly granted that branch of the Sejour defendants' motion which was for summary judgment dismissing the breach of fiduciary duty causes of action asserted against them. The Sejour defendants established their prima facie entitlement to judgment as a matter of law by demonstrating that there was no fiduciary relationship between them and the plaintiff (*see Caprer v Nussbaum*, 36 AD3d 176, 194 [2006]; *Friedman v Anderson*, 23 AD3d 163, 166 [2005]; *DG Liquidation v Anchin, Block & Anchin*, 300 AD2d 70 [2002]). In opposition, the plaintiff failed to raise a triable issue of fact. The plaintiff sought investment advice from Kansler, at most, only once per decade. These intermittent communications did not transform their conventional business relationship into a fiduciary relationship (*see Friedman v Anderson*, 23 AD3d at 166; *cf. Lavin v Kaufman, Greenhut, Lebowitz & Forman*, 226 AD2d 107 [1996]).

The Supreme Court properly granted that branch of the Fairfield Pagma defendants' motion which was for summary judgment dismissing the fourth cause of action, which alleged breach of fiduciary duty, insofar as asserted against them. While the general partners of Fairfield Pagma had fiduciary duties to the plaintiff since the plaintiff was a limited partner of Fairfield Pagma (*see Appleton Acquisition, LLC v National Hous. Partnership*, 10 NY3d 250, 258 [2008]), the Fairfield Pagma defendants established their entitlement to judgment as a matter of law dismissing the cause of action alleging breach of fiduciary duty by demonstrating that there was no misconduct on their part that caused the plaintiff to sustain damages (*see Rut v Young*

*Adult Inst., Inc.*, 74 AD3d 776 [2010]). In opposition, the plaintiff failed to raise a triable issue of fact.

The Supreme Court also properly granted those branches of the Fairfield Pagma defendants' motion which were for summary judgment dismissing the fifth and eighth causes of action, which alleged breach of contract and breach of the covenant of good faith and fair dealing against them, respectively. The Fairfield Pagma defendants established their entitlement to judgment as a matter of law dismissing the breach of contract cause of action by demonstrating that there was no oral agreement with the plaintiff, that the underlying limited partnership agreement permitted the withholding from BLMIS of funds deemed required for partnership purposes, and that, in any event, the failure to transfer the entirety of the plaintiff's investment to BLMIS did not cause the plaintiff to sustain damages. In opposition, the plaintiff failed to raise a triable issue of fact.

Implicit in every contract is a covenant of good faith and fair dealing which encompasses any promises that a reasonable promisee would understand to be included (*see New York Univ. v Continental Ins. Co.*, 87 NY2d 308, 318 [1995]). "The duty of good faith and fair dealing, however, is not without limits, and no obligation can be implied that 'would be inconsistent with other terms of the contractual relationship' " (*Dalton v Educational Testing Serv.*, 87 NY2d 384, 389 [1995], quoting *Murphy v American Home Prods. Corp.*, 58 NY2d 293, 304 [1983]). The Fairfield Pagma defendants established their entitlement to judgment as a matter of law dismissing the cause of action alleging a breach of the implied covenant and good faith and fair dealing by demonstrating that the limited partnership agreement required that funds invested in Fairfield Pagma be forwarded to an account at BLMIS under the discretionary management of Madoff. Accordingly, no other obligation to invest can be implied from the limited partnership agreement. In response, the plaintiff failed to raise a triable issue of fact.

In light of these determinations, we need not address the plaintiff's remaining contention. Skelos, J.P., Florio, Eng and Roman, JJ., concur. **[Prior Case History: 2011 NY Slip Op 30557(U).]**