■ Roman Rayham, M.D., et al., Appellants, v Multiplan, Inc., et al., Respondents. [61 NYS3d 90]—

Appeal from an order of the Supreme Court, Kings County (Carolyn E. Demarest, J.), dated February 23, 2015. The order denied the plaintiffs' motion for summary judgment on the complaint, and granted the defendants' cross motion for summary judgment dismissing the complaint.

Ordered that the order is affirmed, with costs.

The plaintiff Roman Rayham is a plastic surgeon, and the plaintiff RR Plastic Surgery P.C. (hereinafter RR Office) is his private practice. Rayham also works as an attending physician at various New York City hospitals, including New York Methodist Hospital (hereinafter Methodist). Nonparty Park Slope Physician Services P.C. (hereinafter PSPS) handles all of Methodist's billing, including the billing for services Rayham provides at Methodist.

In 2009, in connection with his practice at Methodist, Rayham executed a limited power of attorney authorizing nonparty Allegiance Billing & Consulting, LLC (hereinafter Allegiance), to contract on his behalf with network providers and health insurance companies for services performed at Methodist.

In 2010, Allegiance executed an agreement (hereinafter the Beech Street Agreement) on Rayham's behalf with the defend-

ant Beech Street Corporation (hereinafter Beech Street), a preferred provider organization. The Beech Street Agreement provided that its terms may be amended upon "30 days prior written notice from Beech to [Rayham]" and that the "amendment shall be effective at the conclusion of such 30 day notice period unless [Rayham] objects to the amendment and notifies Beech in writing of [Rayham's] intent to terminate prior to the conclusion of such notice period." The address to which the Beech Street Agreement required the written notice to be sent was the address for the office of PSPS. The Beech Street Agreement further provided that Beech Street may assign its rights under the contract to a "Beech Affiliate," which was defined as any "entity" that is "controlled by or is under common control of Beech [Street]."

In 2010, the defendant Multiplan, Inc. (hereinafter Multiplan), another preferred provider organization, acquired Beech Street's parent company. In March 2011, Multiplan sent two letters to Rayham at PSPS's address. Both letters advised that Multiplan had acquired Beech Street and that, effective July 15, 2011, the Beech Street and Multiplan networks would integrate and claims would be processed under Multiplan's fee schedule. The second letter, dated March 28, 2011, advised that the Beech Street Agreement would be amended so as to include the claims for services Rayham provided at Methodist in the Multiplan network. Rayham claims he never received these letters.

In November 2011, the plaintiffs faxed Beech Street a letter on their letterhead requesting that the RR Office be added "to our profile," with a retroactive date of July 1, 2011. The letter provided the RR Office's address and tax-identification number, and a W-9 form was attached. Upon receiving the fax, the defendants retroactively enrolled the RR Office in their networks and processed the RR Office's claims according to Multiplan's fee schedule. A few months later, after realizing that the RR Office was receiving lower reimbursements than were once provided by Beech Street, Rayham learned that Multiplan had acquired Beech Street and that claims were being processed pursuant to Multiplan's fee schedule. Rayham requested the RR Office's removal from the defendants' networks. This request was granted, but the request for the reprocessing of the RR Office's claims was denied.

The plaintiffs commenced this action, asserting causes of action sounding in breach of contract, breach of the implied covenant of good faith and fair dealing, unjust enrichment, and quantum meruit. The plaintiffs alleged that the defendants

unilaterally altered the terms of the Beech Street Agreement by placing the RR Office in the Multiplan network and repricing its claims under the Multiplan fee schedule without affording the plaintiffs with notice or an opportunity to object as required under the Beech Street Agreement. Following joinder of issue and the completion of discovery, the plaintiffs moved for summary judgment on the complaint, and the defendants cross-moved for summary judgment dismissing the complaint. The Supreme Court denied the plaintiffs' motion and granted the defendants' cross motion. The plaintiffs appeal.

The Supreme Court properly granted that branch of the defendants' motion which was for summary judgment dismissing the breach of contract cause of action. The elements of a cause of action to recover damages for breach of contract are the existence of a contract, the plaintiff's performance pursuant to the contract, the defendant's breach of its contractual obligations, and damages resulting from the breach (*see Tudor Ins. Co. v Unithree Inv. Corp.*, 137 AD3d 1259, 1260 [2016]; *PFM Packaging Mach. Corp. v ZMY Food Packing, Inc.*, 131 AD3d 1029, 1030 [2015]). "[A] contract is to be construed in accordance with the parties' intent, which is generally discerned from the four corners of the document itself. Consequently, 'a written agreement that is complete, clear and unambiguous on its face must be enforced according to the plain meaning of its terms' " (*Legum v Russo*, 133 AD3d 638, 639 [2015], quoting *MHR Capital Partners LP v Presstek, Inc.*, 12 NY3d 640, 645 [2009]).

Here, the defendants established, prima facie, that they did not breach the Beech Street Agreement by placing the RR Office in the Multiplan network and repricing its claims. Contrary to the plaintiffs' contentions, the defendants afforded the plaintiffs the contractually-required notice and opportunity to object. The defendants complied with the Beech Street Agreement by sending the March 2011 letters, which advised Rayham that Multiplan had acquired Beech Street and that claims would be processed under the Multiplan fee schedule, to the address expressly required by the contract for such written notices (*see Global Events LLC v Manhattan Ctr. Studios, Inc.*, 123 AD3d 449, 449 [2014]; *Foley Prods. v Singer Corp.*, 133 AD2d 531, 531 [1987]; *see also FG Harriman Commons, LLC v FBG Owners, LLC*, 75 AD3d 527, 528 [2010]). Contrary to the plaintiffs' contention, it was not improper for Multiplan, as opposed to Beech Street, to send the March 2011 letters, as it met the definition of a "Beech affiliate" under the Beech Street Agreement. To the extent the plaintiffs argue that the defendants did not present evidence conclusively establishing the

date, destination, and method for sending the letters, this argument, raised for the first time on appeal, is not properly before this Court (*see Yong U Lee v Huan Wen Zhang*, 133 AD3d 651, 652 [2015]). Since the defendants provided Rayham with proper notice that the Beech Street Agreement would be amended so as to subject claims to the Multiplan fee schedule, and Rayham failed to object in writing within the 30-day notice period, the amendment took effect, as stated in the letters, on July 15, 2011.

The defendants further established, prima facie, that the RR Office's subsequent enrollment in their networks was pursuant to the plaintiffs' voluntary request. The defendants established, prima facie, that they did not breach the Beech Street Agreement by enrolling the RR Office in their networks and processing their claims under the Multiplan fee schedule by submitting the letter that the plaintiffs faxed to Beech Street in November 2011 requesting that the RR Office be added "to our profile" (*see Countrywide Home Loans, Inc. v United Gen. Tit. Ins. Co.*, 109 AD3d 953, 953-954 [2013]; *Bradco Homes v Gellert*, 223 AD2d 857, 859 [1996]). In opposition, the plaintiffs failed to raise a triable issue of fact (*see Zuckerman v City of New York*, 49 NY2d 557, 562 [1980]).

The Supreme Court also properly granted that branch of the defendants' motion which was for summary judgment dismissing the cause of action alleging a breach of the implied covenant of good faith and fair dealing. Implicit in every contract is a covenant of good faith and fair dealing, which encompasses any promise that a reasonable promisee would understand to be included (*see New York Univ. v Continental Ins. Co.*, 87 NY2d 308, 318 [1995]; *Staffenberg v Fairfield Pagma Assoc., L.P.*, 95 AD3d 873, 875 [2012]). "The covenant is breached 'where one party to a contract seeks to prevent its performance by, or to withhold its benefits from, the other' " (*Michaan v Gazebo Hort., Inc.*, 117 AD3d 692, 693 [2014], quoting *Collard v Incorporated Vil. of Flower Hill*, 75 AD2d 631, 632 [1980], *affd* 52 NY2d 594 [1981]). The defendants' submissions established, prima facie, that they did not withhold the benefits of, or seek to prevent the performance of, the Beech Street Agreement either in its original form, or as amended (*see generally 1357 Tarrytown Rd. Auto, LLC v Granite Props., LLC*, 142 AD3d 976, 977 [2016]; *Staffenberg v Fairfield Pagma Assoc., L.P.*, 95 AD3d at 875; *767 Third Ave. LLC v Greble & Finger, LLP*, 8 AD3d 75, 75 [2004]). In opposition, the plaintiffs failed to raise a triable issue of fact (*see Zuckerman v City of New York*, 49 NY2d at 562).

The Supreme Court properly granted those branches of the

defendants' motion which sought summary judgment dismissing the causes of action sounding in unjust enrichment and quantum meruit. Those causes of action cannot be maintained if there is a valid, enforceable contract governing the same subject matter underlying the action (*see Cox v NAP Constr. Co., Inc.*, 10 NY3d 592, 607 [2008]; *Goldman & Assoc., LLP v Golden*, 115 AD3d 911, 913 [2014]; *Scott v Fields*, 92 AD3d 666, 669 [2012]). Here, the defendants established, prima facie, that the Beech Street Agreement governs the subject matter underlying the action (*see Goldman & Assoc., LLP v Golden*, 115 AD3d at 913; *Scott v Fields*, 92 AD3d at 669). In opposition, the plaintiffs failed to raise a triable issue of fact (*see Zuckerman v City of New York*, 49 NY2d at 562).

Accordingly, the Supreme Court properly denied the plaintiffs' motion for summary judgment on the complaint and properly granted the defendants' cross motion for summary judgment dismissing the complaint. Chambers, J.P., Miller, Barros and Connolly, JJ., concur.