Osborne v Williamson Law Book Co. (2019 NY Slip Op 06503)





Osborne v Williamson Law Book Co.


2019 NY Slip Op 06503


Decided on September 11, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on September 11, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
RUTH C. BALKIN
COLLEEN D. DUFFY
FRANCESCA E. CONNOLLY, JJ.


2018-02563
 (Index No. 601575/15)

[*1]Thomas Osborne, appellant, 
v
Williamson Law Book Company, et al., respondents.


Rosenberg Feldman Smith, LLP, New York, NY (Michael H. Smith and Richard B. Feldman of counsel), for appellant.
Smith Law Firm PLLC, Rochester, NY (William P. Smith, Jr., of counsel), for respondents.



DECISION & ORDER
In an action to recover damages for breach of contract, tortious interference with contract, and breach of fiduciary duty, the plaintiff appeals from an order of the Supreme Court, Nassau County (Jerome C. Murphy, J.), entered February 1, 2018. The order, insofar as appealed from, granted the defendants' motion for summary judgment dismissing the amended complaint.
ORDERED that the order is affirmed insofar as appealed from, with costs.
The plaintiff and the defendant J. Gregory Chwiecko are employees, and the only two shareholders, of the defendant Williamson Law Book Company (hereinafter Williamson). In 2011, Williamson's Board of Directors (hereinafter the Board), which included the defendants Terry Wolfe and Ray Shortino, voted to increase Chwiecko's salary, and in 2014, the Board voted to reduce the plaintiff's salary. The Board also voted to award Chwiecko certain bonuses.
The plaintiff thereafter commenced this action to recover damages for breach of contract, tortious interference with contract, and breach of fiduciary duty. The plaintiff alleged, among other things, that the changes in his salary and Chwiecko's salary violated the shareholder agreement. The defendants moved for summary judgment dismissing the amended complaint, and the Supreme Court granted the motion. The plaintiff appeals.
"[A] contract is to be construed in accordance with the parties' intent, which is generally discerned from the four corners of the document itself. Consequently, a written agreement that is complete, clear and unambiguous on its face must be enforced according to the plain meaning of its terms'" (MHR Capital Partners LP v Presstek, Inc., 12 NY3d 640, 645, quoting Greenfield v Philles Records, 98 NY2d 562, 569).
Here, the defendants demonstrated their prima facie entitlement to judgment as a matter of law dismissing the causes of action alleging breach of contract and tortious interference with contract, and the plaintiff failed to raise a triable issue of fact in opposition. Contrary to the plaintiff's contention, the agreement cannot reasonably be interpreted as prohibiting reduction of his salary, or augmentation of Chwiecko's salary, without the plaintiff's consent. Regardless of what [*2]the parties' practices may have been, there are simply no words to that effect contained in the agreement. To the extent that the plaintiff asserts that his consent was required because the agreement provided that the shareholders and the corporation would agree to each shareholder's compensation, such an indefinite provision, absent some specified methodology for reaching an agreement, is not enforceable (see Joseph Martin, Jr. Delicatessen v Schumacher, 52 NY2d 105, 109-111).
The defendants also met their initial burden of demonstrating entitlement to judgment as a matter of law dismissing the breach of fiduciary duty cause of action by establishing, prima facie, that they did not engage in any misconduct (see Staffenberg v Fairfield Pagma Assoc., L.P., 95 AD3d 873, 874). In opposition, the plaintiff failed to raise a triable issue of fact, including as to whether the decisions regarding compensation and bonuses "could not have been a product of valid business judgment" (Marx v Akers, 88 NY2d 189, 204; cf. Deblinger v Sani-Pine Prods. Co., Inc., 107 AD3d 659, 661-662).
According, we agree with the Supreme Court's determination to grant the defendants' motion for summary judgment dismissing the amended complaint.
MASTRO, J.P., BALKIN, DUFFY and CONNOLLY, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court