## (January 8, 1968)

LEDA GABAY, Respondent v. ESTHER ROSENBERG, as Executrix of SAUL ROSENBERG, Deceased, Appellant.—On remittitur from the Court of Appeals (19 N Y 2d 899), judgment of the Supreme Court, Westchester County, entered September 22, 1965 upon an agreed statement of facts, affirmed, with costs. The action is for specific performance of a partnership agreement. In July, 1961 plaintiff and defendant's testator filed a certificate of doing business under the name of Homefield Realty. On December 2, 1961 they entered into a written agreement which provided " that in the event of the death of Saul Rosenberg, Leda Gabay, the surviving partner shall have the sole right to purchase the full interest in the partnership of Saul Rosenberg for the sum of  *  *  * $100.00  *  *  * in full payment of all right, title and interest that Saul Rosenberg may have or has in Homefield Realty." On March 3, 1962 they executed an almost identical instrument to the same effect and on the same day the partnership acquired two parcels of improved land. Saul Rosenberg died in April, 1963 and in August, 1963 plaintiff tendered $100 to defendant, as executrix of her husband's estate, requesting a release of any claims to the partnership assets and quit-claim deeds to the two parcels belonging to the partnership. Defendant rejected the tender.

The agreed statement of facts recites that " The controversy \* \* \* submitted for decision is whether or not, upon the foregoing facts, the instruments \* \* \* are valid and binding \* \* \* or whether the instruments are testamentary in character, thus failing to comply with the Statute of Wills ". In our opinion, partners as between themselves may agree to dispose of partnership assets on the termination of the partnership in any method they wish, including transfer by survivorship (*Lanier* v. *Bowdoin,* 282 N. Y. 32; *Matter of Eddy,* 175 Misc. 1011, affd. 262 App. Div. 1015, affd. 290 N. Y. 677; *Shubert* v. *Lawrence,* 27 A D 2d 292). We are further of the opinion that the agreement at bar was valid and enforcible (*Warrin* v. *Warrin,* 169 App. Div. 97) and not testamentary in character and, therefore, not in violation of section 21 of the Decedent Estate Law. Beldock, P. J., Brennan, Rabin and Hopkins, JJ., concur; Benjamin, J., dissents and votes to reverse the judgment and dismiss the complaint, with the following memorandum: While mutual buy-out agreements between partners unquestionably are valid, the agreement in this case does not fall into that category. It is a one-sided agreement which gives Leda Gabay the right to buy out Saul Rosenberg's interest in two parcels of improved realty for the nominal sum of $100, upon his death, without giving Saul Rosenberg any comparable buy-out right — or, indeed, any buy-out right at all — upon Leda Gabay's death. Clearly, this is not a true partnership buy-out agreement but rather an attempt by Saul Rosenberg to make a testamentary gift to Leda Gabay in the guise of a partnership agreement. If the agreement had provided for an outright gift, without consideration, to vest at death, its testamentary character would be obvious. I cannot believe that the tongue-in-cheek stipulation for a nominal payment of $100, as " consideration " for two parcels of improved realty, makes it any less a gift to take effect at death. Such attempted testamentary dispositions are ineffective unless made in a form valid as a will (see, *McCarthy* v. *Pieret,* 281 N. Y. 407; *Matter of Hillowitz,* 24 A D 2d 891). The agreement at bar was not so made and it consequently is invalid and unenforcible.