■ FRANCES ISAACSON, Individually and as Executrix of ROBERT B. ISAACSON, Deceased, Appellant, v BEAU LABEL CORP. et al., Respondents. — In an action, *inter alia,* for a judgment declaring certain shareholders' agreements to be illegal and unenforceable, plaintiff appeals from an order and judgment (one paper) of the Supreme Court, Kings County (Rader, J.), entered January 18, 1982, which, *inter alia,* granted defendants' motion for summary judgment dismissing the complaint and for judgment on their counterclaim for specific performance. Order and judgment modified, on the law, by (1) adding to the second decretal paragraph thereof, following the words "ORDERED", the words "AND ADJUDGED" and by adding thereto following the words "is granted" the words "to the extent that it is declared that the shareholders' agreements with respect to Daniel-Irving Printers and Engravers, Inc. and Beau Label Corp., dated December 24, 1963 and September 29, 1967, respectively, are valid and enforceable, defendants are awarded judgment on their counterclaim for specific performance, and in all other respects the motion is denied" and (2) by deleting the third decretal paragraph thereof. As so modified, order and judgment affirmed, with $50 costs and disbursements to the respondents. Plaintiff is the widow and sole surviving heir of the decedent, Robert B. Isaacson. She seeks a declaration that certain shareholders' agreements are illegal and unenforceable. The essence of her claim is that the agreements provide that she receive what amounts to inadequate consideration in exchange for her mandatory offer of sale of decedent's stock to the corporations. The agreements in question are valid and enforceable (see *Matter of Galewitz,* 206 Misc 218, 223, affd 285 App Div 947, mot for lv to app den 285 App Div 1049; *Gabay v Rosenberg,* 29 AD2d 653, affd 23 NY2d 747). *Matter of Riefberg* (58 NY2d 134) is not to the contrary. That case simply holds that a buy-sell provision of a corporate stockholder's agreement can be a testamentary substitute pursuant to EPTL 5-1.1. It does not create a right to challenge the adequacy of consideration under such a buy-sell provision when said consideration passes through the estate. In the absence of allegations of fraud, duress or undue influence, Special Term should have declared that the agreements in question are valid and enforceable, and should have dismissed plaintiff's complaint in all other respects (see *Lanza v Wagner,* 11 NY2d 317, 334, app dsmd 371 US 74). Titone, J. P., Thompson, Rubin and Boyers, JJ., concur.

■ LAURA KAPCHAN, Appellant, v PAUL KAPCHAN, Respondent. — Appeal by plaintiff from an order of the Supreme Court, Queens County (Goldstein, J.), dated February 16, 1982, which dismissed the plaintiff's first cause of action for a divorce on the ground of cruel and inhuman treatment for failure to state a cause of action and which dismissed the plaintiff's second cause of action for necessaries, without prejudice to renew said second cause of action "upon proper factual allegations". Order modified, on the law, by adding to the first decretal paragraph after the word "dismissed", the words "with leave to replead". As so modified, order affirmed, without costs or disbursements. While in our view proof of the facts as pleaded would be sufficient to state a cause of action for divorce on the basis of cruel and inhuman treatment (Domestic Relations Law, § 170, subd [1]), the fact remains that the complaint fails to comply with the pleading requirements of CPLR 3016 (subd [c]). That section requires, *inter alia,* that the time and place of each act complained of must be specified in the complaint. Inasmuch as the instant marriage is of more than 20 years' duration, the plaintiff's allegations of misconduct which begin with the phrase "[t]hroughout the period of the marriage" do not comply with the statutory requirements. Accordingly, the first cause of action should be dismissed but plaintiff should be allowed to replead (see 3 Weinstein-Korn-Miller, NY Civ Prac, par 3016.10). Lazer, J. P., Gibbons, Weinstein and Niehoff, JJ., concur.