■ JOHN M. FEROLITO et al., Appellants, v DOMENICK J. VULT-AGGIO et al., Respondents. DON VULTAGGIO et al., Third-Party Plaintiffs, v RICHARD N. ADONAILO, Third-Party Defendant, and PATRIARCH PARTNERS LLC, Third-Party Defendant-Appellant. [911 NYS2d 323]—

Order, Supreme Court, New York County (Martin Shulman, J.), entered August 17, 2009, which denied plaintiffs' and third-party defendant's respective motions for summary judgment, granted defendants' cross motion for summary judgment, dismissed count one of the complaint, and declared that restrictions on the transfer of corporate interests, as set out in a shareholders' agreement between plaintiffs and defendants, were valid and enforceable, unanimously affirmed, with costs.

In 1998, the plaintiff and defendant groups, each of whom held a 50% interest in a closely held enterprise, entered into an agreement whose intended purpose was to maintain appropriate and businesslike relationships among the parties and to assure continuity of ownership and management of their enterprise. Included in this agreement was a provision limiting the sale or transfer of either group's interest in the enterprise to "Permitted Transferees," defined as an affiliate; a lineal descendant, lineal ancestor, sibling or spouse of a party (or personal representative in case of death); a trust, corporation or partnership whose interests are held by the transferring party; and any other party.

A restraint on the transferability of stock will be upheld if it is reasonable, in accordance with public policy, and effectuates a lawful purpose (*Levey v Saphier*, 54 AD2d 959, 960 [1976], *lv denied* 41 NY2d 805 [1977]; *see generally* 18A Am Jur 2d, Corporations § 570). Restrictions on the transfer of stock are

not uncommon in closely held corporations (*see Allen v Biltmore Tissue Corp.*, 2 NY2d 534, 543 [1957]; *Sulkow v Crosstown Apparel Inc.*, 807 F2d 33, 37 [2d Cir 1986]), as they effectively protect day-to-day corporate operations. "Such restrictions are considered to be reasonable [where] they do not represent an 'effective *prohibition* against transferability,' but merely limit the group to whom the shares may be transferred" (*Matter of Gusman*, 178 AD2d 597, 598 [1991] [quoting *Allen*, 2 NY2d at 542], *lv denied* 80 NY2d 753 [1992]). Under such circumstances, the relevant question is whether restrictions on transferring shares in a closely held corporation are "reasonable in light of the circumstances and the purposes sought to be accomplished" (*Benson v RMJ Sec. Corp.*, 683 F Supp 359, 373 [SD NY 1988]).

Considered in light of the larger business transaction between plaintiffs and defendants, the restraint on alienation set forth in the agreement is reasonable in light of the circumstances and the purposes sought to be accomplished. The parties, after some negotiation and with the aid of counsel, entered into a valid agreement whereby they sought to ensure managerial continuity of their closely held business by limiting the alienation of stock to a prescribed class of transferees. The restraint furthers the intended purpose and ensures its effectuation. Furthermore, this case does not present facts demonstrating that the restraint was imposed on a shareholder from the outside, by a corporate bylaw, or by a more sophisticated party (*compare Allen v Biltmore Tissue Corp.*, 2 NY2d 534 [1957], *supra*; *Rafe v Hindin*, 29 AD2d 481 [1968], *affd* 23 NY2d 759 [1968]). Concur—Tom, J.P., Andrias, Nardelli, Acosta and DeGrasse, JJ.