█ Joseph E. Verderber et al., Appellants, v Commander Enterprises Centereach, LLC, et al., Respondents. [925 NYS2d 142]—

In an action for declaratory relief and to recover damages for breach of fiduciary duty and fraud, the plaintiffs appeal, as limited by their brief, from so much of an order of the Supreme Court, Nassau County (Washawsky, J.), entered July 2, 2010, as, upon granting the defendants' motion for leave to reargue their opposition to that branch of the plaintiffs' motion which was to strike, as against public policy, article VII of an October 2000 operating agreement of the defendant Commander Enterprises Centereach, LLC, which had been determined in an order dated January 22, 2010, and upon vacating the determination in the order dated January 22, 2010, granting that branch of the plaintiffs' motion, denied that branch of the plaintiffs' motion and thereupon, in effect, searched the record and awarded summary judgment to the defendants declaring that the interest of the plaintiffs Joseph E. Verderber and Judith Verderber in Commander Enterprises Centereach, LLC, terminated in January 2009, and that the defendant Benco, LLC, is entitled to purchase their interest, to be valued in accordance with the formula set

forth in article VII of the subject operating agreement, and denied, as academic, their cross motion pursuant to Limited Liability Company Law § 509 for summary judgment against the defendant Benco, LLC, in the sum of $1,144,928.

Ordered that the order is affirmed insofar as appealed from, with costs, and the matter is remitted to the Supreme Court, Nassau County, for the entry of a judgment, inter alia, declaring that the interest of the plaintiffs Joseph E. Verderber and Judith Verderber in Commander Enterprises Centereach, LLC, terminated in January 2009, and that the defendant Benco, LLC, is entitled to purchase their interest to be valued in accordance with the formula set forth in article VII of the subject operating agreement.

The plaintiffs Joseph E. Verderber and Judith Verderber (hereinafter together the Verderbers) owned a 20% interest in Commander Enterprises Centereach, LLC (hereinafter the company), together with the defendant Benco, LLC, which owned the remaining 80% interest in the company. Pursuant to an October 2000 operating agreement, upon any event that terminated the continued membership of a member in the company, the interest of that member would be deemed to be offered for sale to Benco, LLC, and would be valued in accordance with a formula set forth in the operating agreement. Contrary to the plaintiffs' contention, the Supreme Court properly determined that the October 2000 agreement governed, and that pursuant to that agreement, the January 2009 assignment by the Verderbers of their interest in the company to the plaintiff Verbenco, LLC, terminated their continued membership in the company (see Limited Liability Company Law § 603 [a] [4]). Moreover, pursuant to the unambiguous terms of the operating agreement, that assignment was properly deemed by Benco, LLC, as an offer by the Verderbers to sell their interest in the company, which it accepted. The record does not support the Verderbers' argument that their interest in the company should be deemed to have been terminated in January 2008 and, thus, valued as of that date.

Contrary to the plaintiffs' contention, the buyout provision is not an unreasonable restraint on alienation of property, nor is it unconscionable (see Gallagher v Lambert, 74 NY2d 562, 567 [1989]; Allen v Biltmore Tissue Corp., 2 NY2d 534, 542 [1957]; Ferolito v Vultaggio, 78 AD3d 529, 530 [2010]; Matter of El-Roh Realty Corp., 48 AD3d 1190, 1192 [2008]; Stern v Birnbaum, 206 AD2d 514 [1994]; Rosiny v Schmidt, 185 AD2d 727, 729-730 [1992]; Matter of Gusman, 178 AD2d 597, 598 [1991]).

The plaintiffs' remaining contentions are without merit.

Since this is, in part, an action for a declaratory judgment, we remit the matter to the Supreme Court, Nassau County, for the entry of a judgment, inter alia, declaring that the Verderbers' interest in Commander Enterprises Centereach, LLC, terminated in January 2009, and that Benco, LLC, is entitled to purchase their interest, to be valued in accordance with the formula set forth in article VII of the subject operating agreement (see Lanza v Wagner, 11 NY2d 317 [1962], appeal dismissed 371 US 74 [1962], cert denied 371 US 901 [1962]). Covello, J.P., Eng, Hall and Roman, JJ., concur.