■ GAETANA CELAURO, Individually and as Sole Beneficiary of the SALVATORE F. CELAURO REVOCABLE TRUST, et al., Appellants, v 4C FOODS CORP. et al., Respondents. [931 NYS2d 250]—

"A restraint on the transferability of stock will be upheld if it is reasonable, in accordance with public policy, and effectuates a lawful purpose" (*Ferolito v Vultaggio*, 78 AD3d 529, 529 [2010]; *see Levey v Saphier*, 54 AD2d 959, 960 [1976]). Restrictions on the transfer of stock "are considered to be reasonable [where] they do not represent an 'effective *prohibition* against transferability'" (*Matter of Gusman*, 178 AD2d 597, 598 [1991], quoting *Allen v Biltmore Tissue Corp.*, 2 NY2d 534, 542 [1957]). "Restrictions on the transfer of stock are not uncommon in closely held corporations, as they effectively protect day-to-day corporate operations" (*Ferolito v Vultaggio*, 78 AD3d at 529-530 [citation omitted]).

The restrictions at issue here, which were adopted as amendments in accordance with the terms of the closely held corporation's shareholder agreement, "do not represent an 'effective

*prohibition* against transferability' (*Allen v Biltmore Tissue Corp.*, 2 NY2d at 542), but merely limit the group to whom the shares may be transferred" (*Matter of Gusman*, 178 AD2d at 598; *see Ferolito v Vultaggio*, 78 AD3d at 530). Nor do the restrictions amount to an "annihilation of property" by giving one individual the arbitrary power to forbid a transfer of the shares (*Allen v Biltmore Tissue Corp.*, 2 NY2d at 542 [internal quotation marks omitted]; *see Matter of Gusman*, 178 AD2d at 598; *cf. Rafe v Hindin*, 29 AD2d 481, 484 [1968], *affd* 23 NY2d 759 [1968]).

New York law does not support the plaintiffs' further contention that, under the circumstances presented here, their consent was required for the challenged amendments to the shareholder agreement to take effect. The amendments were enacted by majority vote of the shareholders, in accordance with the shareholder agreement and, thus, they are legal and enforceable.

Since this is an action, in part, for a declaratory judgment, we remit the matter to the Supreme Court, Nassau County, for a judgment, inter alia, declaring that the challenged amendments are legal and enforceable (*see Lanza v Wagner*, 11 NY2d 317, 334 [1962], *appeal dismissed* 371 US 74 [1962], *cert denied* 371 US 901 [1962]). Skelos, J.P., Chambers, Sgroi and Miller, JJ., concur. **[Prior Case History: 30 Misc 3d 1204(A), 2010 NY Slip Op 52264(U).]**