■ 1357 TARRYTOWN ROAD AUTO, LLC, et al., Respondents-Appellants, v GRANITE PROPERTIES, LLC, et al., Appellants-Respondents. [37 NYS3d 341]—

In an action, inter alia, to recover damages for fraudulent inducement, the defendants appeal from so much of an order of the Supreme Court, Westchester County (Jamieson, J.), dated April 22, 2014, as denied those branches of their motion which were pursuant to CPLR 3211 (a) to dismiss the causes of action alleging breach of the implied covenant of good faith and fair dealing and for rescission, and the plaintiffs cross-appeal from so much of the same order as granted that branch of the defendants' motion which was pursuant to CPLR 3211 (a) to dismiss the cause of action alleging fraudulent inducement.

Ordered that the cross appeal is dismissed as abandoned; and it is further,

Ordered that the order is reversed insofar as appealed from, on the law, and those branches of the defendants' motion which were pursuant to CPLR 3211 (a) to dismiss the causes of action alleging breach of the implied covenant of good faith and fair dealing and for rescission are granted; and it is further,

Ordered that one bill of costs is awarded to the defendants.

The defendant Granite Properties, LLC (hereinafter the landlord), owns certain real property in the Town of Greenburgh. The plaintiffs sought to purchase an existing automobile dealership and take over its lease to a portion of that property. Accordingly, in June 2013, the plaintiffs entered into an "Assignment and First Amendment to Lease," and then, in July 2013, a "Second Amendment to Lease" (hereinafter, collectively with the lease, the lease agreements), whereby the plaintiffs would rent the portion of the property occupied by the dealership as well as the remainder of the property. In September 2013, the plaintiffs discovered through performing a title search that a local law prohibited parking vehicles without license plates on the premises, a practice the plaintiffs contend is essential to the business of selling automobiles. When the landlord refused to release them from the lease agreements, the plaintiffs commenced this action against the landlord and

the individual defendant, who is the managing member of the landlord, alleging fraudulent inducement and breach of the implied covenant of good faith and fair dealing, and seeking rescission. The Supreme Court granted the defendants' motion pursuant to CPLR 3211 (a) to dismiss the complaint only as to the cause of action alleging fraudulent inducement. The defendants appeal from so much of the order as denied those branches of their motion which were to dismiss the causes of action alleging breach of the implied covenant of good faith and fair dealing, and for rescission.

The Supreme Court erred in denying the subject branches of the defendants' motion pursuant to CPLR 3211 (a) (1). The implied covenant of good faith and fair dealing is breached when a party acts in a manner that would deprive the other party of the right to receive the benefits of their agreement (*see Frankini v Landmark Constr. of Yonkers, Inc.*, 91 AD3d 593, 595 [2012]; *P.T.& L. Contr. Corp. v Trataros Constr., Inc.*, 29 AD3d 763, 764 [2006]). The implied covenant includes any promises which a reasonable promisee would be justified in understanding were included (*see Dalton v Educational Testing Serv.*, 87 NY2d 384, 389 [1995]). However, no obligation may be implied that would be inconsistent with other terms of the contractual relationship (*see id.* at 389; *Murphy v American Home Prods. Corp.*, 58 NY2d 293, 304 [1983]). Here, a finding that the defendants breached the covenant of good faith and fair dealing would necessarily contradict explicit and unambiguous terms of the lease agreements and create additional obligations not contained in them. Specifically, the lease agreements, which the defendants submitted in support of their motion, provided that the written agreements superseded all "representations and understandings, written, oral or otherwise, between or among the parties with respect to the matters contained herein." Additionally, the specific provisions in the lease agreements relating to parking were made subject to "any restrictions of local law, zoning or ordinance." Finally, the lease agreements specifically provided that the landlord made no representation concerning the suitability of the premises for the plaintiffs' intended business. Imposing a duty on the landlord to disclose zoning or local law restrictions would render those provisions ineffective (*cf. Phoenix Garden Rest. v Chu*, 245 AD2d 164 [1997]). These express and specific provisions in the lease itself conclusively establish a defense to causes of action alleging breach of the implied covenant of good faith and fair dealing (*see Minovici v Belkin BV*, 109 AD3d 520, 521 [2013]; *cf. Sunset Cafe, Inc. v Mett's Surf & Sports Corp.*, 103 AD3d 707, 708-709 [2013]; *Laxer v Edelman*, 75 AD3d 584,

586 [2010]), and for rescission (*cf. generally Jack Kelly Partners LLC v Zegelstein*, 140 AD3d 79 [2016]).

The plaintiffs' cross appeal must be dismissed as abandoned, as the plaintiffs' brief does not request reversal or modification of any portion of the order (*see Utility Audit Group v Apple Mac & R Corp.*, 59 AD3d 709, 709 [2009]). Balkin, J.P., Hall, Miller and LaSalle, JJ., concur.