Celauro v 4C Foods Corp. (2020 NY Slip Op 05716)





Celauro v 4C Foods Corp.


2020 NY Slip Op 05716


Decided on October 14, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on October 14, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

RUTH C. BALKIN, J.P.
BETSY BARROS
FRANCESCA E. CONNOLLY
PAUL WOOTEN, JJ.


2018-07518
 (Index No. 500373/12)

[*1]Nathan J. Celauro, etc., et al., appellants,
v
4C Foods Corp., et al., respondents.


Farrell Fritz, P.C., Uniondale, NY (James M. Wicks and Matthew D. Donovan and Robert & Robert, PLLC [Clifford S. Robert, Michael Farina, and Jason O. Braiman], of counsel), for appellants.
Stein Adler Dabah & Zelkowitz LLP (Adam J. Stein and Mintz, Levin, Cohn, Ferris, Glovsky and Popeo, P.C., New York, NY [Christopher J. Sullivan], of counsel), for respondents.



DECISION & ORDER
In an action, inter alia, to recover damages for breach of fiduciary duty and breach of the implied covenant of good faith and fair dealing, the plaintiffs appeal from an order of the Supreme Court, Kings County (Lawrence Knipel, J.), dated May 1, 2018. The order granted those branches of the defendants' motion which were for summary judgment dismissing the first, second, and third causes of action in the second amended complaint.
ORDERED that the order is affirmed, with costs.
The plaintiff Nathan Celauro (hereinafter Nathan) and the defendants are the shareholders of the defendant 4C Foods Corp. (hereinafter 4C Foods), a closely-held family-owned corporation which manufactures and distributes food products. There is a longstanding feud between, on the one side, Nathan and his now-deceased mother, Gaetana Celauro (hereinafter Gaetana), and, on the other side, the president and chief executive officer of 4C Foods, John A. Celauro (hereinafter John), and the other shareholders. As is relevant to this appeal, the plaintiffs commenced this action alleging that the defendants breached fiduciary duties owed to them and breached the implied covenant of good faith and fair dealing. The plaintiffs' claims are based upon the defendants' actions in: (i) enacting stock transferability restrictions requiring a majority of voting shareholders to consent to any transfer and requiring the transferring shareholder to sell the shares to 4C Foods if consent was denied; (ii) increasing the number of authorized non-voting shares and issuing a non-voting share dividend; and (iii) denying consent to the transfer of voting shares from Gaetana's estate and trusts under her control to Nathan, triggering a forced sale of those shares. The Supreme Court granted the defendants' motion, inter alia, for summary judgment dismissing the first and third causes of action, alleging breach of fiduciary duty, and the second cause of action, alleging breach of the implied covenant of good faith and fair dealing. The plaintiffs appeal.
The elements of a cause of action to recover damages for breach of fiduciary duty "are (1) the existence of a fiduciary relationship, (2) misconduct by the defendant, and (3) damages directly caused by the defendant's misconduct" (Litvinoff v Wright, 150 AD3d 714, 715 [internal [*2]quotation marks omitted]; see Smallwood v Lupoli, 107 AD3d 782, 784). "Members of a board of directors of a corporation owe a fiduciary responsibility to the shareholders in general and to individual shareholders in particular to treat all shareholders fairly and evenly" (Deblinger v Sani-Pine Prods. Co., Inc., 107 AD3d 659, 660 [internal quotation marks omitted]; see Armentano v Paraco Gas Corp., 90 AD3d 683, 685). In addition, majority shareholders in a close corporation are in a fiduciary relationship with the minority shareholders (see World Ambulette Transp., Inc. v Lee, 161 AD3d 1028, 1033, citing Richbell Info. Servs. v Jupiter Partners, 309 AD2d 288, 300). Contrary to the plaintiffs' contention, the defendants did not breach a fiduciary duty by allegedly depriving them of over 20% of the voting stock in 4C Foods, the amount of shares required to commence a dissolution proceeding under Business Corporation Law § 1104-a, when they declined to consent to the transfer of the voting shares. The stock transferability restrictions at issue here were previously upheld by this Court (see Celauro v 4C Foods Corp., 88 AD3d 846). We noted that "'[r]estrictions on the transfer of stock are not uncommon in closely held corporations, as they effectively protect day-to-day corporate operations'" (id. at 846, quoting Ferolito v Vultaggio, 78 AD3d 529, 529-530). Here, the defendants declined to consent to the transfer of the voting shares for the wholly proper purpose of protecting 4C Foods' day-to-day operations. The defendants submitted evidence that Nathan considered himself to be purportedly "waging war" with John and 4C Foods. Allowing Nathan to obtain a greater-than-20% voting interest in 4C Foods would have threatened 4C Foods' operations by allowing him to commence a dissolution proceeding pursuant to Business Corporation Law § 1104-a.
The plaintiffs' contention that the defendants also breached a fiduciary duty by decreasing the per share value of the shares sought to be transferred is unavailing. Damages are an essential element of a cause of action to recover damages for breach of fiduciary duty (see McSpedon v Levine, 158 AD3d 618, 622). Assuming, arguendo, that the defendants engaged in misconduct by adopting an amendment to the shareholders' agreement which had the effect of reducing the per share value of the shares Nathan sought to transfer, the plaintiffs sustained no damages because the defendants later enacted another amendment which, in effect, overturned the earlier amendment for purposes of valuing the shares Nathan sought to transfer. This amendment guaranteed the non-transferable shares would be appraised at their pre-dilution value. Accordingly, the defendants established, prima facie, their entitlement to judgment as a matter of law with respect to the damages element of a cause of action to recover damages for breach of fiduciary duty, and the plaintiffs failed to raise a triable issue of fact in opposition (see McSpedon v Levine, 158 AD3d at 622; Beneficial Homeowner Serv. Corp. v Williams, 113 AD3d 713, 714).
The plaintiffs' contention that they were damaged because a less-than-20% interest in 4C Foods was less marketable than a greater-than-20% interest is improperly raised for the first time on appeal (see Bethpage Fed. Credit Union v Grant, 178 AD3d 997, 998; U.S. Bank N.A. v Sheth, 177 AD3d 1018, 1020).
"Implicit in every contract is a covenant of good faith and fair dealing which encompasses any promise that a reasonable promisee would understand to be included" (25 Bay Terrace Assoc., L.P. v Public Serv. Mut. Ins. Co., 144 AD3d 665, 667 [internal quotation marks omitted]; see Gutierrez v Government Empls. Ins. Co., 136 AD3d 975, 976). The implied covenant is implicit in contracts governing corporate affairs, such as shareholders' agreements (see MP Cool Invs. Ltd. v Forkosh, 142 AD3d 286, 293). "'The implied covenant of good faith and fair dealing is a pledge that neither party to the contract shall do anything which will have the effect of destroying or injuring the right of the other party to receive the fruit of the contract, even if the terms of the contract do not explicitly prohibit such conduct'" (25 Bay Terrace Assoc., L.P. v Pub. Serv. Mut. Ins. Co., 144 AD3d at 667, quoting Gutierrez v Government Empls. Ins. Co., 136 AD3d at 976). No obligation may be implied that would be inconsistent with other terms of the contractual relationship (see 1357 Tarrytown Rd. Auto, LLC v Granite Props., LLC, 142 AD3d 976, 977).
The defendants established, prima facie, their entitlement to judgment as a matter of law dismissing the second cause of action in the second amended complaint, alleging breach of the implied covenant of good faith and fair dealing. Under the shareholders' agreement, as amended, the majority shareholders had the express right to decline to consent to the transfer of a portion of [*3]the shares sought to be transferred. The defendants acted upon that express right when they consented to the transfer of the non-voting shares, but declined to consent to the transfer of the voting shares. Implying, as the plaintiffs contend, an obligation which would not allow the defendants to exercise that right when doing so would reduce the transferring shareholder's interest below 20% would be inconsistent with the other terms of the shareholders' agreement (see Staffenberg v Fairfield Pagma Assoc., L.P., 95 AD3d 873, 875). Furthermore, as explained above, the plaintiffs did not sustain actual damages as a result of the non-voting share dividend because a later amendment provided that the non-transferable shares would be valued according to their pre-dilution values (see id. at 875; Shmueli v Whitestar Dev. Corp., 148 AD3d 1814, 1815; RXR WWP Owner LLC v WWP Sponsor, LLC, 132 AD3d 467, 468).
Finally, summary judgment was not premature, as the plaintiffs did not proffer anything more than mere hope or speculation that evidence sufficient to defeat the motion would be uncovered during the discovery process (see Vaccaro v Town of Islip, 181 AD3d 751, 751; Paul v Village of Quogue, 178 AD3d 942, 944).
BALKIN, J.P., BARROS, CONNOLLY and WOOTEN, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court