Lilac Group-Schenectady, Inc. v Ellis Hosp. (2022 NY Slip Op 07228)

Lilac Group-Schenectady, Inc. v Ellis Hosp.

2022 NY Slip Op 07228

Decided on December 21, 2022

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on December 21, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
FRANCESCA E. CONNOLLY
LINDA CHRISTOPHER
BARRY E. WARHIT, JJ.

2019-10578
 (Index No. 1127/18)

[*1]Lilac Group-Schenectady, Inc., appellant,
v
Ellis Hospital, respondent.

Catania, Mahon & Rider, PLLC, Newburgh, NY (Richard M. Mahon II of counsel), for appellant.
Nixon Peabody LLP, Albany, NY (Daniel J. Hurteau of counsel), for respondent.

DECISION & ORDER
In an action, inter alia, for declaratory relief, the plaintiff appeals from an order of the Supreme Court, Orange County (Elaine Slobod, J.), dated August 7, 2019. The order, insofar as appealed from, (1) denied those branches of the plaintiff's motion which were for summary judgment (a) on so much of the first cause of action as sought a judgment declaring that the defendant was a holdover tenant pursuant to a lease and the amendments thereto until at least July 20, 2017, and the plaintiff is entitled to an award for holdover rent, and (b) on the issue of liability on the second cause of action, (2) granted those branches of the defendant's motion which were (a), in effect, for summary judgment declaring that the defendant was not a holdover tenant pursuant to the lease and the amendments thereto until at least July 20, 2017, and the plaintiff is not entitled to an award for holdover rent, and (b) dismissing the second cause of action, and, (3) in effect, directed a hearing on that branch of the defendant's motion which was pursuant to CPLR 3126 to impose sanctions against the plaintiff for spoliation of evidence.
ORDERED that the appeal from so much of the order as, in effect, directed a hearing on that branch of the defendant's motion which was pursuant to CPLR 3126 to impose sanctions against the plaintiff for spoliation of evidence is dismissed; and it is further,
ORDERED that the order is affirmed insofar as reviewed, and the matter is remitted to the Supreme Court, Orange County, for the entry of a judgment, inter alia, declaring that the defendant was not a holdover tenant pursuant to the lease and the amendments thereto until at least July 20, 2017, and the plaintiff is not entitled to an award for holdover rent; and it is further,
ORDERED that one bill of costs is awarded to the defendant.
In 1996, the defendant began leasing commercial property in a building then owned by the plaintiff's predecessor in interest. The lease was extended several times by amendment, until a final amendment extended the lease term until June 30, 2017, at which time the lease expired. In January 2018, the plaintiff commenced this action for a judgment declaring, inter alia, that the defendant was a holdover tenant pursuant to the lease and the amendments thereto until at least July 20, 2017, and that the plaintiff is entitled to an award for holdover rent, to recover damages for injury to property, and for attorneys' fees (first cause of action), to recover damages for holdover rent for [*2]the month of July 2017 (second cause of action), and to recover damages for breach of contract based on the defendant's failure to surrender the premises in good repair (third cause of action).
The plaintiff moved for summary judgment on so much of the first cause of action as sought a judgment declaring, among other things, that the defendant was a holdover tenant pursuant to the lease and the amendments thereto until at least July 20, 2017 and that the plaintiff is entitled to an award for holdover rent, and on the issue of liability on the second cause of action. The defendant moved for summary judgment dismissing the complaint or, in the alternative, pursuant to CPLR 3126 to impose sanctions against the plaintiff for spoliation of evidence with regard to the third cause of action, on the ground that the plaintiff denied the defendant's request to inspect the alleged property damage before the space previously occupied by the defendant was demolished and remodeled. In an order dated August 7, 2019, the Supreme Court, inter alia, denied the plaintiff's motion and granted those branches of the defendant's motion which were, in effect, for summary judgment declaring that the defendant was not a holdover tenant pursuant to the lease and the amendments thereto until at least July 20, 2017, and the plaintiff is not entitled to an award for holdover rent and dismissing the second cause of action. With regard to the defendant's request for a spoliation sanction, the court set the matter down for a conference "in order to set a hearing date to determine whether the plaintiff should be sanctioned in some way for allegedly denying the defendant an opportunity to view the premises in question prior to the plaintiff's demolition of the interior." The plaintiff appeals.
The Supreme Court properly determined that the defendant was not a holdover tenant. A tenant's occupancy of a premises following expiration of a lease generally does not result in a holdover tenancy where, as here, the tenant did not offer, and the landlord did not accept, any rent payments following expiration of the lease (see Real Property Law § 232-c; Matter of Jaroslow v Lehigh Val. R.R. Co., 23 NY2d 991, 993; cf. 2955 Shell Assoc. v Kayani, 234 AD2d 287, 287). Contrary to the plaintiff's contention, the terms of the lease agreement did not provide that the defendant's mere alleged occupancy of the premises beyond expiration of the lease created a holdover tenancy (cf. PRG Assoc. Ltd. Partnership v Planet Organic Holding Corp., 205 AD3d 1058, 1059-1060). In addition, because no holdover tenancy was formed, the defendant could not be found liable to pay holdover rent.
The appeal from so much of the order as, in effect, directed a hearing on that branch of the defendant's motion which was pursuant to CPLR 3126 to impose sanctions against the plaintiff for spoliation of evidence is dismissed, since no appeal lies as of right from an order which merely directs a hearing to aid in the disposition of a motion (see CPLR 5701[a][2]; GMAC Mtge., LLC v Yun, 206 AD3d 796).
Since this is, in part, an action for a declaratory judgment, we remit the matter to the Supreme Court, Orange County, for the entry of a judgment, inter alia, declaring that the defendant was not a holdover tenant pursuant to the lease and the amendments thereto until at least July 20, 2017, and the plaintiff is not entitled to an award for holdover rent (see Lanza v Wagner, 11 NY2d 317, 334).
DILLON, J.P., CONNOLLY, CHRISTOPHER and WARHIT, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court