Wymara, Ltd. v Gansevoort Hotel Group, LLC (2025 NY Slip Op 05124)

Wymara, Ltd. v Gansevoort Hotel Group, LLC

2025 NY Slip Op 05124

Decided on September 24, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on September 24, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

LARA J. GENOVESI, J.P.
VALERIE BRATHWAITE NELSON
HELEN VOUTSINAS
DONNA-MARIE E. GOLIA, JJ.

2020-08577
 (Index No. 614537/18)

[*1]Wymara, Ltd., et al., appellants,
v
Gansevoort Hotel Group, LLC, respondent.

Brewer, Attorneys & Counselors, New York, NY (William A. Brewer III, Philip J. Furia, Gizem Petrosino, and Jason Snyder of counsel), for appellants.
Meyer, Suozzi, English & Klein, P.C., Garden City, NY (Michael J. Antongiovanni and Robert Alpert, pro hac vice, of counsel), for respondent.

DECISION & ORDER
In an action, inter alia, to recover damages for breach of the implied covenant of good faith and fair dealing, the plaintiffs appeal from an order of the Supreme Court, Nassau County (Timothy S. Driscoll, J.), entered October 13, 2020. The order, insofar as appealed from, granted that branch of the defendant's motion which was for summary judgment dismissing the cause of action alleging breach of the implied covenant of good faith and fair dealing, in effect, denied the plaintiffs' request to search the record and award them summary judgment dismissing so much of the defendant's counterclaim alleging breach of contract as was based upon the plaintiffs' alleged violation of a confidentiality clause, and, upon granting that branch of the defendant's motion which was for summary judgment on the issue of liability on so much of its counterclaim alleging breach of contract as was based upon the plaintiffs' changing the name of a resort without the defendant's consent and based upon the plaintiffs' failure to pay licensing fees, directed a hearing on the issue of liquidated damages.
ORDERED that the appeal from so much of the order as directed a hearing on the issue of liquidated damages is dismissed; and it is further,
ORDERED that the order is affirmed insofar as reviewed; and it is further,
ORDERED that one bill of costs is awarded to the defendant.
In 2016, the plaintiffs, Wymara, Ltd., and Wymara Developments, Ltd., and the defendant, an owner of a hotel located in New York City and former owner of other hotels and resorts, entered into license agreements, pursuant to which the plaintiffs would be permitted, among other things, to use the defendant's name to brand the plaintiffs' resort and villas located in Turks and Caicos (hereinafter the resort). In 2019, the plaintiffs stopped using the defendant's name on the resort and stopped paying licensing fees to the defendant. The plaintiffs commenced this action against the defendant, alleging, inter alia, a violation of the implied covenant of good faith and fair dealing based upon the defendant's failure to maintain its brand to satisfy the first-class hotel standard. The defendant joined issue by service of an answer, asserting, among other things, a counterclaim alleging breach of contract based upon the plaintiffs' breach of a confidentiality clause, [*2]the plaintiffs' changing the name of the resort without the defendant's consent, and the plaintiffs' failure to pay licensing fees to the defendant.
The defendant moved, inter alia, for summary judgment dismissing the complaint and on its counterclaim alleging breach of contract. The plaintiffs opposed the motion and requested that the Supreme Court search the record and award them summary judgment dismissing so much of the breach of contract counterclaim as was based upon the plaintiffs' alleged violation of a confidentiality clause. In an order entered October 13, 2020, the court, among other things, granted that branch of the defendant's motion which was for summary judgment dismissing the cause of action alleging breach of the implied covenant of good faith and fair dealing and, in effect, denied the plaintiffs' request to search the record and award them summary judgment dismissing so much of the breach of contract counterclaim as was based upon the plaintiffs' alleged violation of a confidentiality clause. In addition, upon granting that branch of the defendant's motion which was for summary judgment on the issue of liability on so much of the breach of contract counterclaim as was based upon the plaintiffs' changing the name of the resort without the defendant's consent and based upon the plaintiffs' failure to pay licensing fees, the court directed a hearing on the issue of liquidated damages. The plaintiffs appeal.
"Implicit in every contract is a covenant of good faith and fair dealing which encompasses any promise that a reasonable promisee would understand to be included" (25 Bay Terrace Assoc., L.P. v Public Serv. Mut. Ins. Co., 144 AD3d 665, 667 [internal quotation marks omitted]; see P.S. Fin., LLC v Eureka Woodworks, Inc., 214 AD3d 1, 30; Celauro v 4C Foods Corp., 187 AD3d 836, 838). "The implied covenant of good faith and fair dealing is a pledge that neither party to the contract shall do anything which will have the effect of destroying or injuring the right of the other party to receive the fruit of the contract, even if the terms of the contract do not explicitly prohibit such conduct" (P.S. Fin., LLC v Eureka Woodworks, Inc., 214 AD3d at 30 [internal quotation marks omitted]; see 25 Bay Terrace Assoc., L.P. v Public Serv. Mut. Ins. Co., 144 AD3d at 667). However, no obligation may be implied that would be inconsistent with other terms of the contractual relationship (see Celauro v 4C Foods Corp., 187 AD3d at 838; 1357 Tarrytown Rd. Auto, LLC v Granite Props., LLC, 142 AD3d 976, 977). A court, under the guise of interpretation, may not imply a provision the parties chose to omit (see Ernst v Ernst, 8 AD3d 331, 332).
The defendant established, prima facie, its entitlement to judgment as a matter of law dismissing the cause of action alleging breach of the implied covenant of good faith and fair dealing. Certain emails exchanged between the parties demonstrated that when the parties negotiated the license agreements, they intentionally omitted any provision related to the defendant maintaining a first-class hotel standard. A court "will not imply a term where the circumstances surrounding the formation of the contract indicate that the parties, when the contract was made, must have foreseen the contingency at issue and the agreement can be enforced according to its terms" (Reiss v Financial Performance Corp., 97 NY2d 195, 199; see Bethea v Thousand, 127 AD3d 798, 798-799). In opposition, the plaintiffs failed to raise a triable issue of fact.
Contrary to the plaintiffs' contention, the Supreme Court did not err in considering the emails in determining the defendant's motion. CPLR 4547 does not bar evidence of negotiations regarding the terms of the license agreements, since they were not an offer to compromise a claim that was disputed but an attempt to reach a business agreement (see Colliers ABR, Inc. v Famurb Co., 101 AD3d 409, 410; Nineteen Eighty-Nine, LLC v Icahn, 96 AD3d 603, 606-607).
Accordingly, the Supreme Court properly granted that branch of the defendant's motion which was for summary judgment dismissing the cause of action alleging a violation of the implied covenant of good faith and fair dealing.
The appeal from so much of the order as directed a hearing on the issue of liquidated damages must be dismissed, since no appeal lies from an order directing a hearing to aid in the disposition of a motion (see HSBC Bank USA, N.A. v Giannikakis, 216 AD3d 622, 624; Lilac Group-Schenectady, Inc. v Ellis Hosp., 211 AD3d 931, 933).
The plaintiffs' remaining contentions are without merit.
GENOVESI, J.P., BRATHWAITE NELSON, VOUTSINAS and GOLIA, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court