Ikhilov v Lakhter
2026 NY Slip Op 03952
June 24, 2026
Appellate Division, Second Department
Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.
This decision is uncorrected and subject to revision before publication in the Official Reports.

Erik Ikhilov, appellant,
v
Edward Lakhter, defendant, Regina Iovino, respondent.

Supreme Court of the State of New York, Appellate Division, Second Judicial Department
Decided on June 24, 2026
2024-11985, (Index No. 505803/24)
Betsy Barros, J.P.
Helen Voutsinas
Lourdes M. Ventura
Donna-Marie E. Golia, JJ.

Ikhilov & Associates, Brooklyn, NY (Andrei A. Popescu of counsel), for appellant.

[*1]
DECISION & ORDER
In an action to recover unpaid rent, use, and occupancy, the plaintiff appeals from an order of the Supreme Court, Kings County (Robin K. Sheares, J.), dated September 26, 2024. The order granted the motion of the defendant Regina Iovino pursuant to CPLR 3211(a) to dismiss the complaint insofar as asserted against her, denied, as academic, the plaintiff's cross-motion for summary judgment on the complaint insofar as asserted against the defendant Regina Iovino, and denied the plaintiff's motion for leave to enter a default judgment against the defendant Edward Lakhter.
ORDERED that the order is reversed, on the law, with costs payable by the defendant Regina Iovino, the motion of the defendant Regina Iovino pursuant to CPLR 3211(a) to dismiss the complaint insofar as asserted against her is denied, the plaintiff's motion for leave to enter a default judgment against the defendant Edward Lakhter is granted, and the matter is remitted to the Supreme Court, Kings County, for a determination on the merits of the plaintiff's cross-motion for summary judgment on the complaint insofar as asserted against the defendant Regina Iovino, and for an inquest as to damages with respect to the defendant Edward Lakhter.
On March 16, 2022, the plaintiff, as landlord, entered into a lease with the defendants, Edward Lakhter and Regina Iovino, as tenants, leasing his condominium unit to them for the one-year period from April 1, 2022, through March 30, 2023, at a monthly rent of $2,300. The lease provided that on the termination date, "[t]enant shall deliver the Unit to Landlord vacant, in good condition and broom clean." At the conclusion of the lease, Lakhter remained in the premises, and the defendants ceased paying rent.
In September 2023, the plaintiff commenced a holdover proceeding (hereinafter the proceeding) against Lakhter and Iovino in the Civil Court, inter alia, for possession of the premises, rent arrears, and "fair value of use and occupancy; and costs and disbursements." In February 2024, the plaintiff commenced the instant action against Lakhter and Iovino to recover damages for rent at the rate of $2,300 per month, common charges, and insurance.
Lakhter defaulted in appearing in both the proceeding and the instant action. By so-ordered stipulation dated April 10, 2024, the proceeding was discontinued as against Iovino with prejudice, because, although her name was on the lease, she was never in possession of the condominium unit, and an inquest was directed as to Lakhter.
In the instant action, Iovino moved pursuant to CPLR 3211(a) to dismiss the complaint insofar as asserted against her on the grounds that the action was barred by the doctrines of res judicata and collateral estoppel, based upon the so-ordered stipulation in the proceeding. The plaintiff cross-moved for summary judgment on the complaint insofar as asserted against Iovino based upon his affidavit that as of April 1, 2023, and for each month thereafter, monthly rent of $2,300 and other charges were not paid. The plaintiff also moved for leave to enter a default judgment against Lakhter in the principal sum of $28,630 for unpaid rent and other charges, plus interest from April 1, 2023, reasonable attorneys' fees, and costs and disbursements. Lakhter did not oppose the plaintiff's motion. The Supreme Court granted Iovino's motion, denied, as academic, the plaintiff's cross-motion "because of the dismissal," and denied the plaintiff's motion.
A holdover month-to-month tenancy is created when the landlord accepts rent after the term of the lease has expired (see Real Property Law § 232-c). Here, no rent was paid after the lease expired and, therefore, the plaintiff is not entitled to rent from the defendants as holdover tenants (see Lilac Group-Schenectady, Inc. v Ellis Hosp., 211 AD3d 931). Therefore, the plaintiff's remedy was the value of use and occupancy of the premises plus any incidental damages (see Matter of Jaroslow v Lehigh Val. R.R. Co., 23 NY2d 991).
"A landlord may recover rent and use and occupancy costs in a summary proceeding to recover real property (see RPAPL 741[5])", and therefore, res judicata would preclude a landlord in a separate action from recovering "rent and use and occupancy costs that were the subject of the holdover proceeding, or that could have been raised therein" (Lana, LLC v Coffie, 241 AD3d 526, 529). However, once a tenant is evicted from the premises, the Civil Court lacks jurisdiction to entertain a cause of action for additional damages (see Fifth Line, LLC v Fitch, 167 AD3d 847, 849).
Here, the plaintiff could have, and did in fact seek a judgment for rent allegedly due, and for a period of occupancy during which no rent is due (see RPAPL 741[5]), since the petition commencing the Civil Court proceeding sought damages for use and occupancy. However, there was no final judgment in the proceeding against Iovino, since the proceeding was discontinued against her with prejudice. Further, "in the context of collateral estoppel, an issue is not actually litigated if it was settled by stipulation" (Commissioner of the N.Y. State Dept. of Transp. v Polite, 236 AD3d 82, 118, n 12; see Kaufman v Eli Lilly & Co., 65 NY2d 449, 457; Matter of Singh v New York State Div. of Human Rights, 186 AD3d 1694, 1696). Since the proceeding was terminated against Iovino by stipulation, the defense of collateral estoppel was not available to her.
Iovino, as a signatory of the lease, was obligated to deliver the premises at the termination of the lease term to the landlord vacant and broom clean, which she failed to do (see Stahl Assoc. Co. v Mapes, 111 AD2d 626, 628). The issue of her contractual liability was not reached in the proceeding. Accordingly, Iovino's motion pursuant to CPLR 3211(a) to dismiss the complaint insofar as asserted against her on the grounds that the action was barred by the doctrines
of res judicata and collateral estoppel should have been denied. Under the circumstances, we remit the matter to the Supreme Court, Kings County, for a determination on the merits of the plaintiff's cross-motion for summary judgment on the complaint insofar as asserted against Iovino (see Malta v Culha, 240 AD3d 772).
"A plaintiff seeking leave to enter a default judgment must file proof of proper service of the summons and the complaint, the defendant's default, and the facts constituting the claim" (Global Liberty Ins. Co. v Surgery Ctr. of Oradell, LLC, 153 AD3d 606, 606; see CPLR 3215[f]). The plaintiff submitted a copy of the summons and complaint, proof of service, and his own affidavit attesting to Lakhter's default. In the proceeding, the plaintiff secured a judgment of possession, but no damages were awarded to him. However, Lakhter's default in the instant action—both in answering the complaint and opposing the plaintiff's motion for leave to enter a default judgment against him—waived potential defenses such as res judicata and collateral estoppel (see U.S. Bank N.A. v Gilchrist, 172 AD3d 1425, 1427). The damages sought against Lakhter are in the nature of use and occupancy, which is based upon market value, and would have to be determined after an inquest (see Southside Dev. Co. v Mitchell, 156 AD2d 268).
Accordingly, we reverse the order, deny Iovino's motion pursuant to CPLR 3211(a) to dismiss the complaint insofar as asserted against her, grant the plaintiff's motion for leave to enter a default judgment against Lakhter, and remit the matter to the Supreme Court, Kings County, for a determination on the merits of the plaintiff's cross-motion for summary judgment on the complaint insofar as asserted against Iovino, and for an inquest as to damages with respect to Lakhter.
BARROS, J.P., VOUTSINAS, VENTURA and GOLIA, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court